ROBERT M. WILDERMAN, and MARTHA M. WILDER-
MAN, his Wife *vs.* A. ALLEN ROGERS.

*Action against Husband and Wife—Construction of Act of
1872, ch. 270—Due bill—Check—Evidence.*

The Act of 1872, chapter 270, provides, "That any married woman
may be sued jointly with her husband in any of the Courts of this
State on any note, bill of exchange, single bill, bond, contract, or
agreement, which she may have executed jointly with her husband,"
&c. HELD:

1st. That a joint check of a married woman and her husband, drawn
by them on a bank in this State, payable to the plaintiff or order,
was, at least in a qualified sense, an inland bill of exchange, and
within the terms of the statute.

2nd. That a joint due bill of the wife and her husband was within
the terms of the statute.

3rd. That the statute by its terms does not require a formal negoti-
able promissory note, containing terms of express promise to pay,
in order to bind the parties; but any note the import of which is
a promise or obligation to pay, is sufficient to gratify the terms of
the statute.

An action was brought against a married woman and her husband
upon a due bill, and upon a check given in payment of it. The
plaintiff testified that the note sued on purported to be signed by
both husband and wife; but he could not say that the signature of
the wife was genuine. The husband, testifying upon the call of
the plaintiff, stated that neither the note nor the check was signed
by the wife, but that he signed both instruments in her name, but
not jointly; that the note as well as the check, was signed by him
for her and in her name; he signing only as agent to show by what
hand the signature had been made. No evidence was offered of
an authority in the husband to borrow money for his wife, or to
sign her name to notes. HELD:

1st. That upon the case as presented by the plaintiff, neither of the
above instruments was the joint act and obligation of the defend-
ants.

2nd. That if the husband simply acted as agent for the wife, and did not profess to bind himself, the note and check were not in any sense the joint instruments of both husband and wife; and if the note in fact did purport to be signed by both, as supposed by the plaintiff, there ought to have been evidence produced to prove that the instruments sued on had been executed by the wife jointly with her husband.

APPEAL from the Circuit Court for Alleghany County.

The case is stated in the opinion of the Court.

The cause was argued for the appellants, before ALVEY, C. J., MILLER, IRVING, and BRYAN, J., and submitted for the appellee.

*William Brace*, for the appellants.

*A. Hunter Boyd*, for the appellee.

ALVEY, C. J., delivered the opinion of the Court.

This is an action brought against husband and wife as joint defendants, and the declaration contains three counts. The first of these counts is upon what is alleged to be a joint promissory note of the defendants, whereby they promised to pay to the plaintiff the sum of $115, on demand. The second count is upon what is alleged to be a joint check of the defendants, drawn by them on the Second National Bank of Cumberland, payable to the plaintiff, or order, for $115, which was duly presented for payment, and payment refused by the procurement of the defendants. And the third count is upon what is described and denominated as a joint due bill, made by the defendants to the plaintiff, for $115, for value received, which amount the said defendants acknowledged, by said due bill, to be due the plaintiff, and promised to pay the same on demand, but which they failed to do.

There was a demurrer entered to the second and third counts of the declaration, and the demurrer was· overruled. The grounds of the demurrer, as we understand them, are, that those counts do not set out valid causes of action as against the wife, under the provisions of the Act of 1872, ch. 270. We, however, fail to perceive wherein these counts are subject to the demurrer.

A check, such as that described in the second count, is, at least in a qualified sense, an inland bill of exchange, and hence the cause of action there set out is within the terms of the Act of 1872, ch. 270; that Act providing that "any married woman may be sued jointly with her husband in any of the Courts of this State, *on any note, bill of exchange,* single bill, bond, *contract or agreement,* which *she may have executed jointly with her husband,*" &c. The check declared on in the second count is clearly embraced within this provision, according to the well settled definition of that instrument. *Moses vs. Franklin Bank,* 34 *Md.,* 374; *Hawthorn vs. State,* 56 *Md.,* 530. And so in reference to the "due bill," declared on in the third count. The instrument there described may not be a formal negotiable promissory note, containing terms of express promise to pay, nor does the statute, by its terms, require such to bind the parties; but any note the legal import of which is a promise or obligation to pay, is sufficient to gratify the terms of the statute. *Sto. Pro. Notes, sec.* 14, and notes; 1 *Danl. Neg. Inst., sec.* 36. The Court below was therefore clearly right in overruling the demurrer.

After the demurrer was overruled, the defendants pleaded *non assumpsit* to the whole declaration, and issue was joined. And in support of the issue thus joined, the plaintiff proved, by himself as witness, that R. M. Wilderman, the husband, came to him to borrow $115, and that it was agreed that the amount would be loaned upon the joint note of husband and wife, and that a few days

thereafter the note was brought to plaintiff by Wilderman, upon which the money was loaned, and that the note was in the following form:

" $115.                  FROSTBURG, MD., *Aug.*    1885.
    Due A. A. Rogers, one hundred and fifteen dollars, for value received.

                            R. M. WILDERMAN, ·
                 -          M. M. WILDERMAN."

He also proved that the name of Mrs. Wilderman, purporting to be signed to the note, was on the instrument when it was presented to him by the husband, but he, the plaintiff, did not know her .hand-writing, and could not say that she had signed it.   That afterwards Wilderman came to plaintiff and told him that he wanted to pay the note, and that he, the plaintiff, surrendered the same, upon receipt of a check for the amount, drawn on the Second National Bank of Cumberland, which was signed M. M. Wilderman, per R. M. Wilderman; and that the payment of the check was stopped by Wilderman, the husband.

The plaintiff then placed Wilderman, the defendant husband, upon the stand, and he testified that the note which he gave to the plaintiff was not signed by his wife, but was signed " M. M. Wilderman, per R. M. Wilderman," in the same manner as the check was signed; that the note did not purport to be signed by him and his wife jointly, but was signed by him alone in the name of his wife.   He also testified that he had taken up the note with the check offered in evidence, and that he had destroyed the note, and had stopped the payment of the check.   He further testified, that he was carrying on the business of butchering, as agent for his wife, and that he was in the habit of signing checks and notes in the same way as the check offered in evidence was signed.   The

bill of exception states that no evidence was offered of an authority in Wilderman to borrow money for his wife, or to sign her name to notes.

Upon this evidence the plaintiff rested his case, and thereupon the defendants prayed the Court to instruct the jury, that the plaintiff had offered no evidence legally sufficient to prove the execution of the cause of action sued on in this case by Mrs. Wilderman, and that their verdict must be for the defendants, under the pleadings in the cause. This prayer the Court refused to grant, and the defendants excepted.

In our opinion the Court below was clearly in error in refusing to instruct the jury in accordance with the prayer of the defendants. It was incumbent upon the plaintiff to prove that the cause of action sued on had been executed by the wife *jointly with her husband,* as required by the statute, but in this the evidence wholly-failed. While the plaintiff himself testified that the note sued on purported to be signed by both husband and wife, he could not say that the signature of the wife was genuine ; and clearly the wife could not be bound and be made liable to judgment, upon the mere passing of a note or check by the husband, without proof that such instruments were executed by the wife. The husband, testifying upon the call of the plaintiff, says that neither the note nor the check was signed by the wife, but that he signed both instruments in her name, but not jointly—that the note, as well as the check, was signed by him for her and in her name, he signing only as agent to show by what hand the signature had been made, as in the manner shown by the check produced in evidence. Such being the case, as presented by the plaintiff, neither of these instruments was the joint act and obligation of the defendants. If the husband simply acted as agent for the wife, and did not profess to bind himself, then the note and check were not, in any sense, the joint instrument of husband and wife ; and if

the note in fact did purport to be signed by both, as supposed by the plaintiff, there ought to have been evidence produced to prove that the instrument sued on had been *executed by the wife jointly with her husband;* as without this the action cannot be sustained against the wife under the Act of 1872, ch. 270. *Lowekamp vs. Koechling,* 64 *Md.,* 95. The jury should not have been allowed to indulge in mere conjecture, without at least some evidence upon which they could found their verdict.

Entertaining these views, it becomes quite unnecessary to notice the other two exceptions taken at the trial.

*Judgment reversed.*