WELCOME·H. LARKIN *et al. vs.* ALFRED A. LARKIN *et als.*

Testamentary gift as follows : —
" To each of my daughters I give the sum of fifty dollars, to be paid by my executor as soon as may be after my decease, and at the death of their mother I direct each of my two sons, to whom I have given my homestead farm, to give to my two daughters the sum of fifty dollars each yearly, to be paid half yearly during their lives."
*Held*, that the annuities were not a charge upon the homestead farm.

BILL IN EQUITY to establish a lien. On demurrer to the bill.

*Providence, August* 1, 1891. STINESS, J. The portion of the will of William Larkin which is brought in question in this case is as follows : " To each of my daughters I give the sum of fifty dollars, to be paid by my executor as soon as may be after my decease ; and at the death of their mother I direct each of my two sons to whom I have given my homestead farm to give to my two daughters the sum of fifty dollars each yearly, to be paid half yearly during their lives."

Under this clause the complainants claim that these annuities are a charge upon the real estate, which this bill seeks to enforce. The argument is, that this must have been the intention of the testator, because otherwise no security for payment is provided ; and that real estate is charged by inference where a legacy is given after a disposition of all the testator's personal estate, because there is nothing else out of which the legacy can be paid.

In support of this position they cite *Goddard* v. *Pomeroy*, 36 Barb. S. C. 546. In that case the court deduced the intent of the testator from the fact that, after the legacies in question, he disposed of the whole *remaining* part of his property ; thereby implying an intention to give only the part which should remain after the legacies were paid and satisfied. In this respect the will differed materially from the one before us. The court say in that case : " It is conceded that an intention to charge real estate is not to be inferred simply because legacies are given in a will, and the will afterwards contains a general residuary devise of real and

personal estate. There must be something more, or the intention will not be rendered sufficiently apparent to make the legacies a charge upon the real estate thus devised." In *Bevan et al.* v. *Cooper et al.* 72 N. Y. 317, it was held that the general legacies were not chargeable upon real estate; but the opinion of the court recognizes the distinction between cases like *Goddard* v. *Pomeroy*, where all the personal estate had first been disposed of in the will, and cases where there was a mere inadequacy of personal estate to pay debts and legacies. Cases of the former sort go upon the ground that the specific disposition of all the personalty, so that there is nothing left from which to pay an after-given legacy except the real estate, raises a strong presumption of the testator's intent to have the legacy paid from the real estate; since he must know it can only be satisfied in that way, and to hold that he did not so intend would make his act frivolity. Cases of the latter sort impute to the testator simply the general purpose that legacies given shall be paid. We do not question the doctrine that there may be cases in which the language of the bequest will indicate the testator's intent that it is to be paid out of and be a charge upon real estate, although he may not say so expressly. But the provisions of the will before us are not of the character which have been held sufficient to evince such an intent. There is nothing in the will to show that the testator had given away all his personal property. There is even no residuary clause in the will. The duty of paying the annuity is not imposed in the same clause or sentence by which the land is devised. *Merrill* v. *Bickford*, 65 Me. 118. The devise of the realty is not " subject to " bequests made, *Devereux* v. *Devereux*, 78 N. Car. 386; nor " after the payment of debts and legacies," *Funk* v. *Eggleston*, 92 Ill. 515. It is a purely personal direction, and the question is, whether such a direction can be construed to create a charge upon the land. No doubt the testator intended that his sons should pay the annuities to his daughters; but it is a very different thing to say he intended them to be a lien upon the land so long as the daughters should live. It seems much more reasonable to infer that he trusted to the filial duty of his sons, to whom he had been so generous in the will, to regard his wishes, or to their means and accountability for the payments, rather than that he meant to incumber the absolute

fee of the land he had given them by a charge. If his confidence was misplaced, the court cannot correct the error by construing into the will something which is not there.

In the similar case of *Wright* v. *Denn*, 10 Wheat. 204, 226, it was held that the direction was personal, and must be a charge upon the person only, since it was not said nor implied anywhere in the will that the legacies should be a charge on the land. In *Cable's Appeal*, 91 Pa. St. 327, it was held that a mere direction by a testator that a devisee should pay a legacy did not thereby create a charge on land. The recent case of *Sauer* v. *Mollinger*, 22 Atlantic Reporter, 89, is to the same effect; although the payment was directed on account of an excess of value in the land devised.

In *Owens* v. *Claytor*, 56 Md. 129, precisely like the case at bar, the court say: " There is nothing either in the terms in which the annuity is given, or upon the face of the will, to show an intention to charge the real estate ; certainly no one can say that such an intention plainly appears. So to hold would be to say that, in every case in which a devisee is directed to pay a legacy or annuity, a lien upon the real estate is thereby created. Such a position cannot be supported upon principle or authority." We think the will of William Larkin discloses no intent to make the annuities to his daughters a charge upon the land devised to his sons, and that such an intent cannot be inferred simply from the direction to the sons to pay them.

The complainants, therefore, have no lien to be enforced, and the demurrer to the bill is sustained.

*Nathan F. Dixon & Charles Perrin*, for complainant.

*Edmund S. Hopkins*, for respondents.