# Van Vliet's Appeal.

1. Where a testator devised certain lands to his sons, and charged the devisees personally with the payment of certain legacies, the legacies are not a charge upon the lands devised.

2. A devise of lands, followed, in a subsequent clause of the will, by a bequest of all the testator's personal property to the same persons to whom the lands were devised, with a direction that the legatees shall pay testator's debts and funeral expenses, is not such a blending of real and personal property by the testator as will operate to make legacies to other legatees a charge on the lands devised.

[Van Vliet's Appeal.]

March 8th 1883.   Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

APPEAL from the Orphans' Court of *Monroe county :* Of January Term 1883, No. 160.

Appeal by Rebecca Van Vliet, administratrix c. t. a. and legatee under the will of Elizabeth V. Barry, from a decree of said court, dismissing her petition, praying that a certain legacy under the will of Derrick Van Vliet may be declared a charge on certain lands therein devised, and that said lands may be sold for the payment thereof.

The answer averred that said legacy was not charged upon the lands devised.

The facts were as follows :—Derrick Van Vliet by his will proved in 1834, devised to his son Charrick certain lands : immediately following this devise the testator directed as follows :—" I charge my son Charrick with the sum of $1,000, to be paid in the following manner : $66.67 to be paid one year after the death of my wife and myself, and said sum my son Charrick shall pay for fifteen years, as I have directed and shall hereafter direct."   The testator also devised certain lands to his son Richard, following said devise with these clauses : " I charge my son Richard with the sum of $500, to be paid in manner following : $33.34 to be paid one year after the death of my wife and myself and said sum yearly for fifteen years : I give to my daughter Elizabeth the sum of $300, to be paid in three yearly equal payments, the first payment to be paid thirteen years after the death of my wife and myself and so for three years.   I give to my sons Charrick and Richard all my personal property of all kinds, and they shall pay my honest debts and funeral expenses."

Richard Van Vliet subsequently conveyed all his title in the lands devised to him  to the said Charrick Van Vliet, and upon the death of Charrick Van Vliet, his whole estate in the said lands devised to Richard and himself became vested in his son John Wesley Van Vliet, who still owns the same.

Elizabeth Van Vliet subsequently died, having by her will bequeathed to the petitioner the said legacy of $300, devised to her by the will of her father.

Said legacy became payable, under the terms of Derrick Van Vliet's will, in 1875, 1876 and 1877, $100 in each year.

The petitioner averred that said legacy was a charge on the said lands now held by John Wesley Van Vliet, and prayed that a decree may be made in accordance with the provisions of the Act of February 24th 1834, for the payment of said legacy out of said lands, &c.

The court, after argument, held, in an opinion by DREHER, P. J., that the will of Derrick Van Vliet did not charge said

[Cortelyou's Appeal.]

legacy on the said lands by him devised to his sons Charrick or Richard, and therefore dismissed the petition.

The petitioner took this appeal, assigning for error, the decree dismissing her petition.

*S. Holmes,* for the appellant.

*Lewis D. Vail (C. Burnett* with him), for the appellee.

The opinion of the court was delivered March 19th 1883.

PER CURIAM. This clause of the will which we are called on to construe, does not blend real and personal estate together. It gives to the sons of the testator real estate only. Hence none of the authorities applicable to a case where the property is thus blended can aid this appellant. The case rests on an entire omission of the testator to use any language sufficient to charge upon the land, devised to the sons, the legacies given to the daughters. He directs his sons to pay the legacies, but does not charge them on the land. Something more than a mere direction to pay is necessary. This view is sustained by a long line of cases. Among them we refer to Miltonberger *v.* Schlegel, 7 Barr 241 ; Hamilton *v.* Porter, 13 P. F. Smith 332; Buchanan's Appeal, 22 Id. 448 ; Cable's Appeal, 10 Norris 327.

Decree affirmed and appeal dismissed at the costs of the appellant.