## P. SAUER ET AL. v. S. G. MOLLINGER ET AL.

APPEAL BY DEFENDANTS FROM THE COURT OF COMMON PLEAS NO. 2 OF ALLEGHENY COUNTY.

Argued October 31, 1890—Decided November 10, 1890.

1. Assignments which allege error in sustaining the exceptions filed to the report of a master, but which do not set out the exceptions themselves specifically, are not in accordance with the Rules of the Supreme Court and will be held the same as none.

2. Where the language of a will is plain, grammatically correct, and without ambiguity, the court may not strike out the name of one devisee of land, directed to pay out a certain sum of money, and insert the name of another devisee, on the ground of a mistake of the scrivener.

3. A devise of real estate with the provision: "And, as the value of the property so bequeathed to her exceeds the value of the property by me bequeathed to my daughter Catharine, I direct that my said daughter Magdalena shall pay to my said daughter Catharine the sum of $300," creates no charge upon the real estate devised.

4. A decree in favor of the plaintiff, upon a bill in equity filed to obtain a construction of a last will and enforce payment of the purchase money on a sale of real estate devised, having been made without the question of jurisdiction being raised, the affirmance of the decree, on the case presented, is not to be taken as a precedent upon that question.

Before PAXSON, C. J., GREEN, CLARK, WILLIAMS, MC-COLLUM and MITCHELL, JJ.

No. 137 October Term 1890, Sup. Ct.; court below, No. 285 January Term 1889, C. P. No. 2, in Equity.

On November 22, 1888, Peter Sauer and Margaretha, his wife, in right of said wife, filed a bill in equity against Rev. S. G. Mollinger, August Schneider and Magdalena, his wife, and Catharine Hillenbrandt, in which it was in substance averred:

That John Kleinhenz died on April 28, 1883, having first made his last will dated August 22, 1882, duly admitted to probate after his death, wherein, after bequeathing to Margaretha, daughter of his deceased son Andreas Kleinhenz, a legacy of $600, and devising to the testator's eldest daughter Catharine certain real estate on Washington street, Allegheny city, he provided as follows:

"I give, devise and bequeath to my daughter Magdalena, that certain real estate situate on Liberty street, . . . . . together with a three-story brick dwelling thereon, and the use and privilege of a three foot private alley adjoining the said lot; and my aforesaid daughter Magdalena shall pay to the said Margaretha, daughter of my deceased son, Andreas Kleinhenz, the aforesaid sum of six hundred dollars by me bequeathed to the aforesaid Margaretha, provided the said Margaretha shall fulfil conditions aforesaid.

"I give and bequeath to my daughter Margaretha, that certain real estate situate on Washington street, . . . . . the said lot to be of the same width as the building erected thereon. And, as the value of the property so bequeathed to her exceeds the value of the property by me bequeathed to my daughter Catharine, I direct that my said daughter Magdalena shall pay to my said daughter Catharine the sum of three hundred dollars."

That the plaintiffs had sold to Rev. S. G. Mollinger the real estate devised to the testator's daughter Margaretha, and that defendants Magdalena Schneider and Catharine Hillenbrandt had made claim that the $300, which by his will the testator directed the said Magdalena to pay to Catharine, was a charge upon the real estate devised to said Margaretha, and that the name Magdalena in the said direction to pay was an error, and the testator thereby intended to direct said Margaretha to pay said sum; that the said S. G. Mollinger refused to pay $400 of the purchase money of said real estate until it should be judicially determined that the said legacy was not a charge upon the same and that the said Margaretha was not liable for the

payment of the same, but had retained said sum and had given his bond therefor conditioned upon the satisfactory adjustment of said claim.   The bill, averring further that, by reason of the unjust claim made by the said Magdalena and Catharine, the plaintiffs were unable fully to enjoy the said devise to the said Margaretha, and to collect the unpaid purchase money, prayed:

"1. That your honors may decree that the said legacy of $300 payable to Catharine Hillenbrandt is not a charge upon the land devised as aforesaid to your oratrix, and that the same is not directed by said will to be paid by your oratrix.

"2. That the said defendants, Catharine Hillenbrandt and Magdalena Schneider, may be restrained from asserting that the said sum is a charge upon the said land, or that your oratrix is directed by said will to pay said sum.

"3. Such other and further relief," etc.

An answer having been filed by the defendants, August and Magdalena Schneider and Catharine Hillenbrandt, averring in substance that the insertion of the name Magdalena in the said direction to pay the legacy of $300 to Catharine was a mistake on the part of the scrivener of the will for the name Margaretha, issue was joined and the cause referred to *Mr. Lewis McMullen*, as examiner and master.   The master subsequently filed a report, wherein, after finding the facts and citing Reck's App., 78 Pa. 435; Schott's Est., 78 Pa. 40; McKeehan v. Wilson, 53 Pa. 76; and Vernor v. Henry, 6 W. 200, he reported his opinion "that John Kleinhenz intended that his daughter Margaretha should pay the said sum of $300 to Catharine, and the name of Magdalena was inserted by the party who drew the will by mistake;" recommending the dismissal of the bill at the plaintiffs' costs.

The plaintiffs filed eight exceptions to the report of the master, alleging that the master erred, inter alia, as follows:

1. In refusing to admit the testimony of the scrivener who wrote the will, as to the person meant by the testator in the clause: "I direct that my said daughter Magdalena shall pay to my said daughter Catharine the sum of three hundred dollars."

2. In finding as a fact that it was the intention of the testator to distribute his property equally among his four children.

3. In finding that the value of the property devised by the

Opinion of Court below.

testator to his daughter Margaretha exceeded the value of that devised to his daughter Catharine.

4. In finding that the name Magdalena was inserted in the will by mistake, instead of the name Margaretha.

8. In not finding that a decree should be entered in favor of the plaintiffs.

Said exceptions having been overruled by the master, they were renewed before the court on the filing of the report. After argument thereof, the court, WHITE, J., on June 21, 1890, filed the following opinion and decree:

In the construction of a will the intention of the testator is the controlling principle. But that intention must be ascertained from the will. Where there is ambiguity on the face of the will, or uncertainty from extrinsic and surrounding circumstances, evidence may, in some cases, be received, of these extrinsic and surrounding circumstances, to remove the ambiguity or render certain what was uncertain. When the language is plain, clear and unambiguous, and not inconsistent with any other clause in the will, extrinsic evidence is inadmissible to raise a doubt or explain away the plain, direct and manifest meaning.

On first reading the paragraph giving the devise to Margaretha, the impression is that a mistake was made in saying that Magdalena, instead of Margaretha, should pay Catharine the three hundred dollars. But this is merely a conjecture or suspicion, excited by the fact that the paragraph refers to the devise to Margaretha, and does not otherwise refer to Magdalena. But the paragraph immediately preceding was a devise to Magdalena, and directed her to pay a granddaughter six hundred dollars. When, therefore, the testator, in the devise to Margaretha, uses the expression, "my said daughter Magdalena," it is, logically and grammatically, as applicable to Magdalena as Margaretha.

The expression in Margaretha's devise, " as the value of the property so bequeathed to her exceeds the value of the property by me bequeathed to my daughter Catharine," explains why Catharine was to receive three hundred dollars, but does not explain who was to pay it. It may well have been that Magdalena's devise was so much more valuable than either Marga-

retha's or Catharine's that she ought to pay the three hundred dollars.

The testator says, in plain, direct words, that Magdalena shall pay the three hundred dollars. There is no evidence of any mistake. There can be no doubt or uncertainty of his meaning from these words. They are not inconsistent with any other paragraph or provision in the will. There is nothing but a suspicion or conjecture that he made a mistake in the name. This is not sufficient to justify us in striking out one name and inserting another, and thus wholly changing the meaning of the clause.

And now, June 19, 1890, after argument, and upon consideration of the exceptions to the master's report, the exceptions are sustained, and it is ordered that a decree be drawn in favor of the plaintiffs, in accordance with this opinion.[1]

—A decree was thereupon entered sustaining the plaintiffs' exceptions to the master's report; adjudging that the legacy of $300 was not a charge upon the real estate devised to Margaretha; enjoining the defendants from asserting that said legacy was such a charge or that Margaretha was directed by the will to pay the same; and ordering that defendant, S. G. Mollinger, pay to plaintiffs the balance of purchase money due and unpaid, that judgment be entered against said defendant for said sum, and that defendants, August and Magdalena Schneider and Catharine Hillenbrandt pay the costs.[2] Whereupon the defendants took this appeal, specifying that the court below erred:

1. " In sustaining appellants' first, second, third, fourth, fifth, sixth, seventh and eight exceptions to the master's report."[1]

2. In making the decree of June 21, 1890.[2]

*Mr. J. McF. Carpenter* (with him *Mr. A. K. Stevenson*), for the appellants.

Counsel cited: Reck's App., 78 Pa. 435; Schott's Est., 78 Pa. 40; Blackmore v. Hickman, 81* Pa. 288; Thomson's App., 89 Pa. 36; Koppenhaffer's App., 87 Pa. 196.

*Mr. R. B. Petty,* for the appellees.

Counsel cited: 1 Redf. on Wills, *430–434, 466–470; Merkel's App., 109 Pa. 235; Mutter's Est., 38 Pa. 314; Hancock's

App., 112 Pa. 532; Wright v. Page, 10 Wheat. 204; Varner's App., 87 Pa. 427; Sponsler's App., 107 Pa. 95; McKeehan v. Wilson, 53 Pa. 74; Johnson's App., 3 W. N. 52.

PER CURIAM:

The first assignment of error does not conform to the Rules of Court. The second assignment, however, is to the decree of the court, and fully covers the case.

It may be, as was contended by appellant, that when John Kleinhenz directed by his will that his daughter Magdalena should pay the sum of three hundred dollars to his daughter Catharine, he intended that his daughter Margaretha should pay it, and inserted the name of Magdalena by mistake. It would, however, be a heroic mode of construing a will, to strike out the name of one devisee and insert that of another, or to hold that when the testator directed one daughter to pay a sum of money he intended that another daughter should pay it.

There is no ambiguity in this will. The reason given why Magdalena should pay the money is not very clear, it is true, but the language is plain and grammatically correct. Aside from this, the will imposes no charge upon the land devised to Margaretha, and would not do so if we were to insert her name instead of Magdalena. The will would then read: "And, as the value of the property so bequeathed to her exceeds the value of the property by me bequeathed to my daughter Catharine, I direct that my said daughter Margaretha shall pay to my said daughter Catharine the sum of three hundred dollars." This is a mere personal charge, and did not bind the land.

No question was raised as to the jurisdiction. Had there been, we would have sustained it without hesitation. While we have decided the case as it stands, we are not willing it should be used as a precedent hereafter, upon this question.

The decree is affirmed and the appeal dismissed at the costs of the appellants.