DAISY WHITEHOUSE, in equity, *vs.* AMBROSE P. CARGILL.

Waldo.　Opinion November 30, 1893.

*Will.　Devise.　Charge upon real estate.　Procedure.*

Where a codicil, dealing only with a certain parcel of real property that the will gave in fee to the son, subjected it to a life estate to the widow and a legacy to the daughter, *Held;* that the testator intended to distribute that parcel among the widow, daughter and son according to the proportions named.

No other fund being provided by the will, out of which the payment was to be made, such annuity or legacy is a charge upon the land.

See *Merritt* v. *Bucknam*, 78 Maine, 504, for the method of procedure where land is thus charged.

ON REPORT.

Bill in equity, heard on bill, answer and testimony.

The case is stated in the opinion.

The codicil which the plaintiff claimed made her legacy a charge upon the real estate is as follows :

"Whereas, I, Ambrose A. Whitehouse, of Montville, in the County of Waldo and State of Maine, on the eleventh day of March, A. D. 1871, made and executed my last will and testament in writing, and whereas by said will I gave and bequeathed to my son, Preston Whitehouse, my store now occupied by J. O. Johnson and Willis Mitchell, now I do hereby make this writing to be a codicil to my said last will and testament to be annexed to and taken and allowed as part thereof, and I do give and bequeath to my beloved wife, Clara E. Whitehouse, the rent and income of the store now occupied by J. O. Johnson and Willis

Mitchell during her natural life. I also will that my son, Preston Whitehouse, shall pay to my daughter, Daisy Whitehouse, the sum of five hundred dollars when she arrives at the age of eighteen years."

*J. W. Knowlton*, for plaintiff.

*R. F. Dunton*, for defendant.

Counsel cited : *Wright* v. *Denn*, 10 Wheat. 204 ; *Larkin* v. *Larkin*, 17 R. I. 461.

This real estate not being specially charged is not liable to contribute to the payment of legacies on the deficiency of personal assets. *Hayes* v. *Seaver*, 7 Maine, 237.

SITTING : PETERS, C. J., LIBBEY, EMERY, HASKELL, WHITEHOUSE, WISWELL, JJ.

HASKELL, J. Bill to subject land devised, to the payment of a legacy.

" When the same sentence or clause, by which land is devised, imposes upon the devisee the duty of paying an annuity or other sum of money, and no other fund is provided, out of which the payment is to be made, such annuity or legacy is a charge upon the land." *Merrill* v. *Bickford*, 65 Maine, 119. An acceptance of it imposes an obligation to pay it. *Fuller* v. *Fuller*, 84 Maine, 475.

So much of the will, in this case, as is material, gave to the son Preston, the defendant's grantor, the homestead, subject to a life estate of the widow, and a store ; to one daughter a life insurance policy of $1000 ; to the other daughter, a minor, a note for $500. The will was executed in March, 1871. The next October the testator executed a codicil, reciting, in substance that, whereas he had devised the store to his son, he now makes a codicil "to be annexed to and taken as a part" of his will, and gives his widow the rent of his store during life, and directs that " my son, Preston Whitehouse, shall pay to my daughter, Daisy Whitehouse, the sum of five hundred dollars when she arrives at the age of eighteen years." That made her legacy equal to that of the other daughter.

It is clear enough that the intention of the testator was to encumber Preston's title to the store with its rent for the widow during life and with a legacy from it of $500 to the plaintiff.

Preston accepted the legacy and conveyed the store to the defendant. The codicil, dealing only with the parcel of property that the will gave to the son, changed the devise of it in fee and subjected it to a life estate of the widow and a legacy to the daughter. No language could convey more plainly the testator's intent to distribute that parcel of real estate among the widow, daughter and son according to the proportions named; and this appears from the same clause in the will.

It is averred in the bill that defendant wrote both the will and codicil and witnessed both; that he became guardian of the plaintiff. These averments are not denied. He had full knowledge of the terms of the will, and took a conveyance of the store with his eyes wide open. He has no moral defense, even, to the plaintiff's claim. She became eighteen years of age, February 28, 1887. On that day her legacy became her due, and it has never been paid. The land must stand charged with its payment and interest. Appropriate procedure is pointed out in *Merritt* v. *Bucknam,* 78 Maine, 504.

*Bill sustained with costs.*