## CHASE v. WARNER.

1. WILL—CHARGING LEGACY UPON REAL ESTATE.

A will devised and bequeathed to a nephew of the testatrix all of her "real estate, personal property, and household effects," subject to the provision that he pay certain legacies, and that at his death the realty should go to others named. *Held*, that the real as well as the personal property was charged with the payment of the legacies.

2. PROMISE TO PAY CLAIM OF THIRD PERSON—PRIVITY OF CON-TRACT—REMEDY.

A purchaser from a devisee, who agrees, as part of the consideration, to pay a legacy chargeable to his vendor, is not liable to the legatee in an action at law upon said promise, there being no privity of contract between them. Whether the legatee has an equitable remedy,—*quœre.*

3. BILL TO SUBJECT LAND TO PAYMENT OF LEGACY—PARTIES—DEMURRER.

A bill to subject land to the payment of a legacy is not demurrable on the ground that other legatees, similarly situated, are not made parties, where the bill avers that defendant has assumed and agreed to pay all other legacies, thus opening the way for proof of a novation sufficient to relieve the land from the lien of such legacies.

Appeal from Barry; Padgham, J., presiding. Submitted October 9, 1895. Decided October 22, 1895.

Bill by Hiram M. Chase against Albert Warner to subject certain real estate to the payment of a legacy. From a decree dismissing the bill on demurrer, complainant appeals. Reversed, with leave to answer.

The bill of complaint in this cause contains the following statements: One Susan J. Warner died testate May 23, 1888, leaving a farm of the value of $5,000, and personal property of the value of $2,000. She executed her will April 7, 1888, the material parts of which read as follows:

"I hereby devise and bequeath all my real estate, personal property, and household effects (with the provisions below stated) to Seth H. Chapman, my nephew.

"Provisions made that Seth H. Chapman is to pay all the indebtedness that may be outstanding against the said Susan J. Warner, or her estate, at the time of her demise or death. Also, he is to pay all funeral expenses, doctor's bills, and so forth, that may be made. Also, he is to pay to Ezra Barker $200; $100 to be paid within one year of my death; $100 more of said $200 to be paid at the end of second year, or sooner if Seth H. Chapman wishes to pay it.

"Also, I further devise and bequeath $200 to be paid the M. E. Church Society, S. P. Lake, at Seth H. Chapman's death; said Chapman paying each year, at 1st January, interest on said $200 at rate of 7 per cent. per annum, due and payable each year as above stated. And at death of said Seth H. Chapman said $200 shall be paid by the testators of said estate to the trustees of said church, to be used for benefit of ministers of said church as long as said church is organized. Should church disband, then money to go to widows' and orphans' fund—to support them—of the M. E. Church.

"Also, I devise and bequeath to Bertha Louisa Gibson $50, to be paid by the estate when she is 20 years of age.

"At Seth H. Chapman's death, I further bequeath and devise my real estate to be divided into 5 equal shares, giving to Hugh McMonegal, or his heirs, one-fifth; to William McMonegal, or his heirs, one-fifth; to James McMonegal, or his heirs, one-fifth; to Martha A. Chapman, or her heirs, one-fifth; to Louis J. Chapman, or his heirs, one-fifth."

The will was admitted to probate September 20, 1888; Seth H. Chapman, devisee named therein, being appointed executor. Only one claim was allowed against the estate; being for $295.96, in favor of one Eugene Hathorn. Chapman qualified as executor, and entered into possession of the property; sold the crops and personal property; paid the expenses of running the farm, and many claims and debts owed by said deceased, and the funeral expenses, which were not proven or allowed against the estate. Chapman purchased the interests of the five devisees named in the last clause of the will.

April 4, 1890, Chapman sold and conveyed to defendant, by quitclaim deed, the real estate, for $304, subject to all liens and incumbrances by way of mortgage and legacies. Defendant agreed with Chapman to pay all incumbrances and the legacies named in said will, and all claims allowed against said estate, and they were a part of the consideration for said conveyance. Complainant purchased from Ezra L. Barker the legacy to him, and took a written assignment thereof, of which purchase defendant had full knowledge at the time he purchased the land. August 5, 1891, Chapman, as executor, filed his account as such in the probate court. A hearing was had thereon, in which defendant appeared, and opposed its allowance. Said account showed on its face that the personal property had been consumed in the payment of debts, claims, and expenses, leaving no personal property with which to pay the legacies and the claim of said Hathorn. Said account was allowed by the probate court, leaving nothing due to the estate. Defendant has paid the claim of Hathorn, and has assumed and agreed to pay all legacies named in the will, except the Barker legacy, now owned by complainant. The prayer of the bill is that the Barker legacy may be decreed to be a charge upon the real estate; that the defendant pay the amount thereof, with interest from the date it became due; and that in default of such payment the land be sold to pay said legacy.

To this bill the defendant interposed a demurrer for three specific reasons, as follows:

"(1) That defendant is not liable to personal decree, by reason of the lack of privity between complainant and defendant with respect to the alleged promise by defendant to Chapman.

"(2) That the fee of the real estate is not charged with the payment of the legacy in question.

"(3) That the other legatees, viz., the M. E. Church Society and Bertha Gibson, are necessary parties."

The court below sustained the demurrer, and dismissed the bill.

*Smith & Colgrove*, for complainant:

By the terms of the will, the legacies are made a charge upon the real estate. *Read* v. *Cather*, 18 W. Va. 263; *Sistrunk* v. *Ware*, 69 Ala. 273; *Walter's Appeal*, 95 Pa. St. 305; *Brown* v. *Knapp*, 79 N. Y. 136; *LeFevre* v. *Toole*, 84 N. Y. 95.

*Taggart, Knappen & Denison*, for defendant:

No liability to complainant can be predicated upon defendant's alleged agreement with Chapman. *Pipp* v. *Reynolds*, 20 Mich. 88; *Hunt* v. *Strew*, 39 Mich. 368; *Hidden* v. *Chappel*, 48 Mich. 527; *Edwards* v. *Clement*, 81 Mich. 513; *Wheeler* v. *Stewart*, 94 Mich. 445.

The fee of the real estate is not charged with the payment of the legacies. *Hibler* v. *Hibler*, 104 Mich. 274; *Kightley* v. *Kightley*, 2 Ves. Jr. 328; *Wright* v. *Denn*, 10 Wheat. 226; *Leavenworth* v. *Marshall*, 19 Conn. 408; *Harmon* v. *Smith*, 38 Fed. Rep. 482; *Penny's Appeal*, 109 Pa. St. 323; *Paxson* v. *Potts*, 2 Green, Ch. 313; *Robinson* v. *McIver*, 63 N. C. 645; *Belcher* v. *Belcher*, 16 R. I. 72; *Heslop* v. *Gatton*, 71 Ill. 528; *Chase* v. *Davis*, 65 Me. 102; *Davenport* v. *Sargent*, 63 N. H. 538; *Jackson* v. *Atwater*, 19 Hun, 627; *Bevan* v. *Cooper*, 72 N. Y. 325.

The other legatees are necessary parties. *Westcott* v. *Mining Co.*, 23 Mich. 144; *Dederick* v. *Barber*, 44 Mich. 19.

GRANT, J. (*after stating the facts*). 1. We need not determine the question of the personal liability of the defendant. The bill does not pray that he be held personally liable for a deficiency, nor for the entire amount of the legacy, even if it be not a charge upon the land. It only prays that upon default of payment by defendant the land be sold. Possibly, the general prayer for relief might be sufficient to include such relief. It is true that there is no privity between complainant and defendant growing out of the alleged contract between him and Chapman, and complainant would have no remedy at law. Whether a court of equity would interfere under such circumstances, we need not determine.

2. The principal question is whether the legacies are by the will made a charge upon the real as well as the personal property. The rule governing the construction of wills, upon this point, is stated in *Hibler* v. *Hibler*, 104 Mich. 274, and several authorities cited. It is significant that the devisor included both her real and personal property in one clause, and made both subject to "the provisions below stated." This differs from the fact in *Hibler* v. *Hibler*, where the legacy was to be first paid out of the personal property. The language of this will seems to us free from doubt. She intended that these bequests should first be paid out of her entire estate, and she mentioned the fund out of which they were to be paid by her executor as consisting of both her real estate and personal property, mentioning her real estate first. We think the allegations of the bill make a case for an answer, the joining of issue, and proofs.

3. We do not think that the third point in the demurrer should be sustained. If defendant has made no arrangement with the other legatees named, by which he has assumed and agreed to pay them, or has not paid them, they would be necessary parties, because, should the land prove insufficient, the legacies should be paid *pro rata* out of the amount realized. While the allegation is not as specific as it might be, yet the statement that he has assumed and agreed to pay them leaves the case open to proof of a novation, which might relieve the land from any lien on account of such legacies.

The decree is reversed, with costs of both courts, and the case remanded, with permission to answer in accordance with the rules and practice of the court.

The other Justices concurred.