ISABELLA BAKERT, Appellant v. BARNETT BAKERT et al., Respondents.

**Kansas City Court of Appeals, December 3, 1900.**

1. **Wills: CONSTRUCTION: CHARGING REAL ESTATE: GRANTEES.** A will set out in the opinion is construed to mean that the land in the hands of the devisee was charged with the support of the single daughters of the devisor and that their grantees take it subject to such charge.

2. ————: ————: PROCEEDS OF FARM. In the will in question the words, "off of the proceeds of the farm," mean the rents and products of the farm but does not include the sale of the place, and the application of the money to the support of the daughters.

3. ————: ————: WIDOW'S HOMESTEAD. And the fact that the widow had her homestead set off out of the lands can not effect the daughters' right to support by the devisees.

4. ————: ————: GRANTEES OF LAND CHARGED WITH SUPPORT OF DAUGHTERS. A will devising land to the testator's sons charged with the support of his single daughters is construed to mean that the daughters are entitled to support out of the annual products and profits of the farm while they remain members of the family; and that a sale by the devisees was foreign to the testator's intention and that as the devisees had sold the land it would be charged in the hands of their grantees with a fixed sum in money as an annuity for the support of the daughters.

Appeal from the Saline Circuit Court.—*Hon. Samuel Davis*, Judge.

REVERSED AND REMANDED (*with directions*).

*Robt. M. Reynolds*, for appellant.

(1) It was competent for the testator to create a trust

against his estate or any portion thereof for the benefit of plaintiff, and if he intended to do so, and meant to do so— and such intention and meaning can be gathered from a proper construction of the will—then his intention should be upheld and the trust sustained.   In construing a will the object is to ascertain the intention of the testator, and in looking for the intention it is proper to take the surrounding circumstances into consideration.   R. S. 1889, sec. 8916; Hall v. Stephens, 65 Mo. 677; Murphy v. Carlin, 113 Mo. 113.   (2) The defendants, Edwards, Campbell and Wheeler take the places of Barnett and Caldwell, and the rights of the plaintiff, not being such as depended upon the volition or discretion of Caldwell and Barnett, but being imperative, they can not be defeated by any act of Caldwell and Barnett, and the said defendants when they bought the land of Caldwell and Barnett became bound to take the same subject to the trust with which it was burdened.   Noe v. Kern, 93 Mo. 371. (3)   We submit again, that if by proper construction of the will, a trust exists in favor of the plaintiff, then she is entitled to recover as an allowance, such sum as is reasonably required for her support, including board, clothing, etc., and should not be limited to what her board might reasonably cost her, where she made herself a member of the family and performed household and other services, and we respectfully submit that the court committed error upon the trial of this cause in permitting defendants to introduce evidence over the plaintiff's objection as to the amount for which plaintiff might procure board by living with the family as a member of the same, and assisting in the household services.   (4)   We submit again, that in order to arrive at the just allowance to which plaintiff may be entitled, it is proper that the court should hear evidence as to the amount of property of which the deceased died seized, and of the

manner and style of living in which he was accustomed to support his family, and that the court committed error when it refused upon the trial to hear the evidence sought to be offered by plaintiff upon such issue. Noe v. Kern, 93 Mo. 367; Murphy v. Carlin, 113 Mo. 113.

*Harvey & Gower* for respondents.

(1) The intention of the testator must of course in this will, as in every other, prevail. In construing a will, all the circumstances surrounding the testator, the subject-matter of the devise, and the persons to be benefited may be considered. Reinders v. Koppelman, 94 Mo. 338; Mersman v. Mersman, 136 Mo. 244; Hall v. Stephens, 65 Mo. 670. (2) Appellant construes the "proceeds of the farm" to mean the rents and profits. Bouvier, in his law dictionary defines proceeds as "money or articles of value arising from or obtained from the sale of property." If this be the correct definition then the sons had the power to mortgage or sell the farm if necessary to the proper execution of the trust. 27 Am. and Eng. Ency. of Law, p. 223, note at top of right hand column; Porter v. Schofield, 55 Mo. 61; 2 Perry on Trusts (5 Ed.), sec. 581; New v. Nicoll, 73 N. Y. 127. (3) If the testator intended that his two sons should continue to live upon his farm after his death and support themselves and families and his widow and single daughters off of the proceeds of the farm, then the act of such widow in having a homestead set off to her destroyed the whole scheme of such testator and his estate has been left in such condition as to make it impossible to enforce the trust contended for by appellant. (4) The testator provided in his will that his sons should support appellant off of the proceeds of the farm so long as she might see fit and proper to live with

them.   On cross-examination she testified that the reason she did not go with her brothers when they left the farm was that she thought she had a right to stay there.   The evidence nowhere shows that her brothers were not willing to still support her, and we submit that when she no longer saw fit and proper to live with them, but chose to remain on the homestead with her mother, she can not claim the right to a support off of the remainder of the farm.

ELLISON, J.—This proceeding seeks to charge certain lands in Saline county with the support of plaintiff.   The petition was dismissed by the trial court at the close of the evidence in behalf of each party.

It appears that the land (210 acres) was owned by one Tobias Bakert in his lifetime.   That he died leaving a widow and two sons named Caldwell and Barnett.   He also left four daughters, one of whom was married and three, including this plantiff, were single.   That since then all have married save this plaintiff.   The deceased father left a will which contained the following provisions:

"I, Tobias Bakert of the county of Saline and state of Missouri make and publish this as my last will and testament.

"First.   It is my will that all my just debts be paid and discharged by my executors hereinafter named and appointed, out of the proceeds of my estate as soon as conveniently can be after my decease.   It is my will that my sons Caldwell Bakert and Barnett Bakert have all of my real estate, viz. (describing it):

"*        *        *        *        *

"Eighth.   It is my will that my sons, Barnett Bakert and Caldwell Bakert, support their mother and single sisters off of the proceeds of the farm I bequeath to them, so long as they may see fit and proper to live with my sons, Barnett

and Caldwell, and if either of my sons should die, leaving no heir, their portion of the real estate to be divided with the rest of the family."

The family (except perhaps as the daughters would marry) continued to live on the premises until 1899, when a homestead was set off to the widow. Since then she has resided on the homestead, plaintiff staying with her. Plaintiff was about fifteen years of age when her father died and is now twenty-seven years old, in ordinary good health and strength. It further appears that the brothers, Caldwell and Barnett, gave a deed of trust on the premises and that they were afterwards sold under such deed of trust, when they were purchased by defendants Wheeler, Edwards and Campbell.

We have no hesitancy in holding that the will clearly imposed a charge on the lands in the hands of the two sons for the support of the daughters as long as they remained unmarried. The rule for construction of wills is to ascertain the intention of the testator and enforce it. But here there is scarcely room for construction. The testator has in direct terms fixed a charge upon the lands and the sons must be held to have taken them in trust for the purposes designated. Murphy v. Carlin, 113 Mo. 113; Noe v. Kern, 93 Mo. 367. The defendants who purchased through the sons must be held to hold the title subject to such charge of support.

Defendants contend that the expression in the will that the sons shall support plaintiff "off of the proceeds of the farm," does not necessarily mean from the rents and productions of the farm. But that if it is a charge on the land then the sons had a right to sell it and apply the proceeds to the support of plaintiff. We do not agree to that view. We must ascertain the true intent and meaning of the tes-

tator even to the extent, when necessary, of putting our-
selves in his place as near as may be.    Murphy v. Carlin, 113
Mo. 113.    But, as before stated, here the intent is so plainly
written that we need not go beyond the terms of the will
itself for its meaning.    The testator willed the farm to his
sons and then immediately charged the bequest with the
support of the plaintiff "so long as she may (remain single
and) see fit and proper to live with my sons."    It seems
clear to us that the proceeds of the farm contemplated by
the testator was the annual production and profits which the
sons should obtain from it and that it was altogether foreign
to his intention that the sons could sell the property and free
it from the charge which he put upon it.

Nor do we see how the action of the widow in having
set off to herself out of the lands a homestead can affect
plaintiff's rights under the will.    That proceeding does not
alter the duties imposed upon the sons to provide support for
plaintiff out of the production of that part of the farm not
set apart by the law as the life property of the widow.

The only difficulty we have had in the case is to give
some practical result to the legal rights possessed by the
plaintiff.    If the sons had continued to own and reside on the
premises the matter could be easily solved; but, taking the
facts as they are, we shall make the nearest approach to the
results which, in our judgment, the father intended.    He
undoubtedly contemplated that the family would remain on
the place at least until the daughters married, and that they
should receive their support thereon as they had when he
was alive, each rendering to the household the services they
rendered while he was alive, which were doubtless such as is
ordinarily rendered by daughters living in that neighborhood
and in their condition and situation in life.    Now that the
situation contemplated by the testator has been changed

Saddlery Co. v. Bullock.

through no fault of this plaintiff, she should not be made to suffer injury thereby. The lands are yet subject to a charge for her support until her death or marriage.

The evidence as to the necessary sum required to support plaintiff has received our full consideration and we conclude that one hundred and fifty dollars is a fair and proper sum for an annual charge for that purpose. The judgment will therefore be reversed and the cause remanded that the trial court may enter the proper decree for that sum the period of beginning to be March 1, 1899, the date plaintiff ceased to be kept at the premises. All concur.