WILLIAM LONO AUSTIN *v.* R. WILLIAM HOLT, ANNIE HARRIS, ELIZABETH K. RICHARDSON and E. V. RICHARDSON.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT

JOHN D. HOLT, Jr., *v.* WILLIAM LONO AUSTIN.

ERROR TO CIRCUIT JUDGE, FIRST CIRCUIT.

SUBMITTED DECEMBER 12, 1903. DECIDED FEBRUARY 19, 1904.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

A gratuity made a charge on real estate by will is taken subject to the payment of the debts against the estate. If the entire estate is consumed in paying debts the beneficiary takes nothing.

Where a legatee files a bill in equity to enforce a trust against property conveyed by the devisee without authority from the probate court and it is answered that the property was sold for its full value and the entire proceeds delivered to the administrator and consumed in paying the debts of the estate, it is error to exclude testimony offered to sustain such defense.

OPINION OF THE COURT BY GALBRAITH, J.

This is a bill to declare a trust and to enforce a charge on real estate. It is alleged that Eliza Wood Holt, the guardian and foster-mother of the plaintiff, died in the month of December,

1891, leaving a will by which she devised all of her property to her husband, Robert William Holt, and his heirs and assigns forever subject to a charge created as follows: "I hereby charge my estate with the payment of the sum of twenty-five dollars per month for the board, maintenance and education of William Lono Austin during his minority, and the payment thereof to be continued thereafter during the term of his natural life." That the will was duly admitted to probate, February 9, 1892, and Bruce Cartwright was appointed and qualified as administrator and acted as such until his discharge on October 23, 1893; that the entire estate consisted of real estate and there were several thousand dollars of debts due from the estate; that the administrator sold some of the real estate under order of court and applied the proceeds on the indebtedness; that one tract was sold to the defendant John D. Holt, Jr., by the devisee for the sum of six thousand dollars and the proceeds applied by the administrator on the debts; that another tract was also sold by the devisee to the defendant Elizabeth K. Richardson (Holt) for one thousand dollars and another to Annie Harris for three hundred dollars, setting out specific description of each tract sold; that these sales made by the devisee were not authorized or confirmed by the probate court and that the property sold in each instance was worth considerably more than the price paid as above recited and that the plaintiff became of age October 6, 1899, and that no part of the legacy given him by the said will has been paid.

The prayer is that the three defendants may be decreed respectively to hold the property purchased in trust and under charge to pay the sum of twenty-five dollars per month during the term of plaintiff's natural life and that the defendants pay the plaintiff the sum of three thousand one hundred and twenty-five dollars, being the aggregate amount for the monthly payments to date under said charge and interest and costs and for general relief.

The defendant John D. Holt, Jr., filed a general demurrer to the bill. This being overruled, each of the defendants an-

swered, each claiming that they had paid full value for the property and had purchased in good faith and that the proceeds of each sale had been turned over to the administrator and had been used by him in paying the debts against the estate.

The Circuit Judge decreed that the property "described and heretofore conveyed by said R. William Holt to said John D. Holt, Jr., Elizabeth K. Richardson and Annie Harris, by separate deeds, duly executed, acknowledged and recorded, is now, and ever since the date of the said respective conveyances has been held by said John D. Holt, Jr., Elizabeth K. Richardson and Annie Harris, respectively, subject to the payment of and under charge to pay to said William Lono Austin the legacy mentioned in the will of Eliza Wood Holt. * * * * That said property is now under and subject to said charge to pay to said William Lono Austin the sum of thirty-four hundred and fifty dollars, being the aggregate of said monthly charges and legacy due to said plaintiff up to the date hereof, together with the sum of three thousand dollars, being the interest thereon, and also the sum of thirty-one dollars, costs of this suit, making a total of six thousand four hundred and eighty-one dollars." It was further decreed that the said purchasers "do forthwith pay to said William Lono Austin the said sum of six thousand four hundred and eighty four dollars." The remainder of the decree contains a description of the three tracts by metes and bounds.

All of the defendants appealed from this decree except John D. Holt, Jr., who sued out a writ of error, but all rely practically on the same ground of defense, namely, that the land sold for its full value and the proceeds were used in paying the debts of the estate and that no right of the legatee was invaded or injury done him by the proceedings complained of.

It is contended on behalf of the plaintiff that the will made this legacy a charge against the real estate; that the probate of the will was notice to every one of this charge; that while this lien might have been discharged by a sale made by the administrator under an order and subsequent confirmation of the pro-

bate court, it could not be discharged by a private sale by the devisee and that such a sale transferred the land to the purchasers subject to the charge in favor of the legatee.

This contention is in the main correct but it fails to take account of one vital principle, namely, that involved in the legal maxim that "a man must be just before he is generous." In other words, while the will made the claim of the legatee a charge on the real estate and his claim could not be discharged by a sale by the devisee alone still the payment of the legacy was upon the express condition created by law that the land was not required to pay the debts of the estate. The debts were a first charge against the land, as there was no personal property, and the legatee could have no interest in it until these were paid. The legatee is a volunteer and only claims a bounty for which he has paid nothing while the creditor may demand as a right that the property be sold and the proceeds applied in satisfaction of his debt. Section 1529, C.L.; *Hays v. Jackson,* 6 Mass. 148; *Wilkinson v. Leland,* 27 U. S. (2 Pet.) 627, 655; *Pullen v. Hutchins,* 67 N. C. 428.

There is no charge of fraud in any one of these transactions. Nor does it appear that the devisee derived any money or other thing of value to him personally from the estate. There was no personal property and it is claimed that the entire proceeds of the several sales of real estate were insufficient to pay the debts and that the devisee gave his personal note to the administrator for the balance amounting to several hundred dollars in order that the administration might be closed in October, 1893.

If the property was sold for its full value and the proceeds turned over to the administrator and consumed in paying debts due from the testatrix no wrong was done the plaintiff and he has no right to complain of the purchasers on account of the sales. In this view of the case it was of vital importance that the defendants should show that the property sold for its full value in each instance and that the money was paid to the administrator and consumed in paying the debts.

At the hearing considerable evidence was taken as to the value

of each tract of land at the date of sale but all this was later stricken out, leaving the record without any evidence on this question. The judge also denied the offer of proof made on behalf of Elizabeth K. Richardson and Annie Harris that the respective amounts paid by them was turned over to the administrator and used by him in paying the debts of the estate. These rulings, striking out the evidence of value and denying this offer of proof, were errors for which the decree must be vacated.

There is an additional reason why the decree should be reversed. Under the allegations of the bill there can be no personal liability on the part of the purchasers of the land and there could be no personal judgment against them, while the only liability of R. W. Holt, if any, was a personal liability. The personal judgment against the purchasers of the land was erroneous in any view of the case. *Hodges v. Phelps,* 65 Vt. 303; *Brown v. Knapp,* 79 N. Y. 136; *Wiggins v. Jackson,* 95 Ind. 201.

Objection was also made to the decree appealed from in that it is not in the form authorized by equity practice in this character of proceedings as there is no provision made for its enforcement. The usual form of decree in this kind of cause, in addition to some of the matters covered by this decree, is to order a sale of the premises against which the lien is established to satisfy the amount of the decree on condition that the amount is not paid within a stated time, in analogy to the foreclosure of a mortgage in equity. *Daly v. Wilkie,* 111 Ill. 382; *Chase v. Warner,* 106 Mich. 695; *Barfield v. Barfield,* 113 N. C. 230. This objection is probably well taken but we do not base our decision on it, nor do we pass upon the questions whether the prayer of the bill is broad enough to permit an amendment of the decree so as to give the relief that the plaintiff may be entitled to, if any, nor whether there is a misjoinder of parties defendant. These questions may all be satisfactorily settled in the trial court in the further proceedings in the cause to be had there.

The writ of error and the appeals should be sustained and the cause remanded to the Circuit Judge of the First Circuit, with direction to vacate the decree rendered therein and for such further proceedings as may be necessary and consistent with the foregoing opinion. It is so ordered.

*C. F. Peterson* and *T. McCants Stewart* for the plaintiff.

*Robertson & Wilder* for R. William Holt, Annie Harris, Elizabeth K. Richardson and E. V. Richardson.

*Kinney, McClanahan & Cooper* for John D. Holt, Jr.