## DIXON et al. v. HELENA SOCIETY OF FREE METHODIST CHURCH OF NORTH AMERICA.

No. 7862—Opinion Filed May 22, 1917.

(166 Pac. 114.)

**1. Appeal and Error—Discretion of Trial Court—Trial Amendment.**

The permission of amendments to pleadings at or after trial is within the sound discretion of the trial court, and in the absence of a showing of an abuse of such discretion, the action of the trial court in permitting amendments at or after the trial will not be disturbed.

**2. Pleading—Amendment—Time to Plead.**

Where the amendment allowed after the trial does not substantially change the issues presented in the original petition and there is no showing of surprise, occasioned by such amendment, it is not error to deny defendant time to plead thereto.

**3. Wills—Devise of Land—Charge.**

A will devising land in fee simple without restrictions or limitations, which directs a devisee to pay a legacy devised therein, creates a personal liability on the part of the devisee, upon acceptance of the devise, to pay the legacy as directed by the testator.

**4. Same.**

Where land is specifically devised and the will directs the devisee to pay a legacy provided therein, the law will impliedly charge such legacy upon the land taken by the devisee, even though such legacy is not expressly charged thereon by the will.

**5. Same—Construction—Legacy.**

A clause in a will, directing a devisee of lands devised therein to pay an annuity for a period of years to a person named therein, constitutes a legacy for the benefit of such person.

**6. Same—Legacy—Lien.**

A will devising lands, containing a clause directing the devisee of such lands to pay a legacy, does not technically create a trust for the benefit of the legatee, but, upon the acceptance of the devise, such legacy becomes a personal liability of the devisee, and also becomes a lien upon the lands devised.

(Syllabus by Rummons, C.)

Error from District Court, Alfalfa County; J. C. Robberts, Judge.

Action by the Helena Society of the Free Methodist Church of North America against Charles Wilber Dixon and others. Judgment for plaintiff, and defendants bring error. Modified and affirmed.

Parker & Simons, for plaintiffs in error.

A. R. Carpenter, for defendant in error.

Opinion by RUMMONS, C. This is an action by the defendant in error, hereinafter called plaintiff, against the plaintiffs in error, hereinafter called defendants, to recover from each of said defendants the sum of $100 under the provisions of the will of Simon Q. Dixon, deceased. The defendants, children of the testator, were legatees and devisees under the will, each receiving specific devises of real estate, and sharing equally under the will in the personal property of testator, after the payment of his debts. Plaintiff claims under the seventh clause of the will, which is as follows:

"It is my desire, and I therefore direct, that commencing with the year 1913, that each of my three children shall contribute to the Free Methodist Church of Helena for a period of ten years, the sum of $50.00 a year."

Plaintiff had judgment; defendants bring error.

The first assignment of error complains of the action of the court in refusing to permit defendants to plead to the amended petition of plaintiff and in rendering judgment in favor of the plaintiff on said amended petition the same day it was filed.

Plaintiff commenced this action, alleging in its original petition the execution and probate of the will of Simon Q. Dixon and the final settlement and distribution of his estate thereunder, and sought recovery against defendants under the terms of said will in an action in the nature of debt. A copy of the will is attached to the petition and made a part thereof. The petition prayed a money judgment against the defendants and also for general relief. After the trial had been concluded, and the case had been taken under advisement by the court for about 30 days, plaintiff asked and secured leave to amend its petition to conform to the proof. The defendants objected and except-

ed to the proposed amendment and the granting of leave to make the same, which objection was overruled by the court and exception allowed. Defendants were given until the following day to plead to the amended petition. It seems from the record that the amended petition was not filed until the following day, when defendants moved the court to strike the amended petition from the files because it presented new issues, differing from the issues upon which the cause was tried. This motion was overruled and exception taken to such ruling. Defendants then moved the court for time in which to plead to the amended petition; the court denied such application for further time to plead, and proceeded to render judgment for the plaintiff.

The amendment incorporated in said amended petition alleged that the will created a trust in favor of the plaintiff, and that the defendants held the lands devised to them as trustees for the benefit of the plaintiff. The court in rendering judgment decreed that by the terms of the will a trust had been created of which plaintiff was the beneficiary, and decreed the amount found due the plaintiff from each of said defendants to be a lien upon the lands devised to each of said defendants by said will.

It appears from the record that, at the time the executor of said will made his final report and prayed for final settlement of his accounts, the plaintiff appeared in the county court claiming rights under said will and objecting to the final settlement and distribution of the estate being made until provision was made for the payment of the legacy provided for it in said will. The county court adjudged that the plaintiff did not take a legacy under the will, overruled its objections, approved the final report of the executor, and made an order of distribution of the estate. By stipulation of counsel for plaintiff and defendants, the judgment of the county court provided as follows:

"It is further ordered by the court that this decision be without prejudice to the rights of the said Free Methodist Church of Helena, Okla., to the beginning of a separate and independent action against the heirs and devisees of said estate, if it so desires, for the purpose of attempting to enforce any liability which it claims exists against the defendants for the sum referred to in the seventh clause of the will."

Plaintiff appealed from this judgment of the county court to the district court of Alfalfa county, where the judgment of the county court was upheld. No appeal was taken from the judgment of the district court, and the same became final. Defendants pleaded the action taken by the plaintiff in the county court and district court of Alfalfa county, and the judgment of said courts thereon in their answer, and introduced evidence thereof at the trial, but it is not pleaded therein as res adjudicata or as a bar to the present action.

The only change made by the amended petition from the cause of action set up in the original petition consists in the allegation that the moneys provided to be paid to plaintiff by the will of decedent were held in trust by the defendants for the benefit of plaintiff. Plaintiff having attached to its original petition a copy of the will of decedent and made the same a part of its petition, the same must be considered in construing the petition and in determining to what relief the plaintiff was entitled under the allegations thereof. Whiteacre v. Nichols, 17 Okla. 387, 87 Pac. 865; Long v Shepard, 35 Okla. 489, 130 Pac. 131; Davis v. Choctaw County, 58 Okla. 77, 158 Pac. 294, L. R. A. 1916F, 873; Southern Surety Co. v. Municipal Excavator Co., 61 Okla. 215, 160 Pac. 617, L. R. A. 1917B, 558. So considered, the original petition seems to us to state facts sufficient to entitle it to the relief granted by the court except so far as the court in its decree undertook to decree a trust in favor of the plaintiff, which part of the decree will be considered later in this opinion. The right of the plaintiff to recover depends, not upon the prayer, but upon the scope of the pleading and the issues made, or which might have been made under it. Willoughby v. Summers, 62 Okla. 98, 162 Pac. 206. So that the amended petition, except as to the matter of decreeing a trust, which, as will appear later, may be disregarded, made no change in the issues presented by the original petition. It seems to us that the right of plaintiff to recover upon the original petition or the amended petition must depend upon the questions whether or not the clause in the will upon which plaintiff relies provides a legacy for plaintiff, and whether or not such legacy was a charge upon the lands devised by testator to defendants, so that under either petition the question presented by the pleadings turned upon the construction of the seventh clause of the will.

The defendants made no showing of surprise, nor did they make any showing that they were unable to meet the issues raised by the amended petition. It does not appear from the record that the trial court abused the discretion, vested in it, in granting permission to amend. We are therefore unable to see how the defendants were prejudiced

by the action of the trial court of which they complain, and we conclude the trial court committed no error in permitting the amendment and in denying defendants further time to plead.

This brings us, then, to the consideration of the second and third assignments of error, which complain of the action of the court in rendering judgment against the defendants. It is urged on behalf of the defendants that no personal obligation could be created against them except by their own acts, and that the clause in the will of their ancestor under which plaintiff claims created no personal liability against them in favor of plaintiff. It is further urged by the defendants that said seventh clause of the will was insufficient to establish a trust, and that no charge was created upon their real estate to satisfy the sums provided to be paid plaintiff by said clause of the will. The general rule seems to be that where land is devised in fee simple and the will directs that the devisee pay a legacy, the acceptance of the devise creates a personal liability on the part of the devisee to pay the legacy as directed by the testator. Ruston v. Ruston, 2 Dall. 243, 1 L. Ed. 365; Case v. Hall, 52 Ohio St. 24, 38 N. E. 618, 25 L. R. A. 766; Davidson v. Coon, 125 Ind. 497, 25 N. E. 601, 9 L. R. A. 584, and note; Stringer v. Gamble, 155 Mich. 295, 118 N. W. 979, 30 L. R. A. (N. S.) 815, and note; Stringer v. Stevens' Estate, 8 L. R. A. (N. S.) 393, note; 40 Cyc. 2054N.

By the great weight of the authorities, it is also held that where land is specifically devised and the testator in his will directs the devisee to pay a legacy provided therein, even though such legacy is not expressly charged upon the land devised, the law will impliedly charge it thereon. Davidson v. Coon, supra, note; Powers v. Powers, 28 Wis. 661; Clyde v. Simpson, 4 Ohio St. 455; Nellons v. Truax, 6 Ohio St. 97; Field's Appeal, 36 Pa. 11; Porter v. Jackson, 95 Ind. 215, 48 Am. Rep. 704; Elwood v. Deifendorf, 5 Barb. (N. Y.) 398; Fuller v. McEwen, 17 Ohio St. 288; Dodge v. Manning, 11 Paige (N. Y.) 334; Langstroth v. Golding, 41 N. J. Eq. 49, 3 Atl. 151; Williams v. Nichol, 47 Ark. 254, 1 S. W. 243; Castor v. Jones, 86 Ind. 289; Henry v. Griffis, 89 Iowa, 543, 56 N. W. 670; Farra v. Adams, 12 Bush (Ky.) 515; Whitehouse v. Carghill, 86 Me. 60, 29 Atl. 934; Ogle v. Tayloe, 49 Md. 158; Thayer v. Finnegan, 134 Mass. 62, 45 Am. Rep. 285; Chase v. Warner, 106 Mich. 695, 64 N. W. 730; Cady v. Cady, 67 Miss. 425, 7 South. 216; Bakert v. Bakert, 86 Mo. App. 83; Wyckoff v. Wyckoff, 49 N. J. Eq. 344, 25 Atl. 963; Brown v. Knapp, 79 N. Y. 136;

Hunt v. Wheeler, 116 N. C. 422, 21 S. E. 915.

In a few jurisdictions it is held that a mere direction to the devisee of specific real estate to pay a legacy does not create an implied charge upon the lands devised, but creates only a personal liability. Sauer v. Mollinger, 138 Pa. 338, 22 Atl. 89; Larkin v. Larkin, 17 R. I. 461, 23 Atl. 19; Van Vliet's Appeal, 102 Pa. 574.

We are content to abide with the majority and to adhere to the rule that an implied charge upon the lands specifically devised is created by a direction to the devisee to pay a legacy. The object and prime purpose in the construction of any will is to arrive at and give effect to the intention of the testator. The testator will not be presumed to have done an idle and useless thing. As in the instant case, where the testator devised specific lands to his children and bequeathed to them equally his personal estate to take effect immediately upon his death without restriction or limitation of title and in the same instrument gives a legacy to one other than the devisees, it will not be presumed that he intended that the last object of his bounty should be dependent, in the realization of the benefits intended to be conferred, upon the whim, caprice, neglect, or inability to pay of his devisees. We, therefore, are of the opinion that the provision made for the plaintiff in the will of testator became a personal liability of the defendants upon their acceptance of the devises made to them, and also became a lien upon the lands devised to them.

In reaching this conclusion we have treated the provision in the seventh clause of the will as establishing a legacy for the benefit of plaintiff, and we so consider it. However, counsel for defendants urge the proposition that the provision contained in the will for the benefit of plaintiff did not constitute a legacy, and that the seventh clause of the will was merely advisory to the defendants and imposed no obligation upon them and created no benefit for the plaintiff. We cannot agree with counsel for defendants, for the reason that the language used in the seventh clause of the will is not merely an expression of a desire on the part of the testator, and is not merely advisory and precatory in character, but the words used are mandatory and indicate an intention on the part of testator that his desires should be given effect.

"It is an error to suppose that the word 'request' necessarily imports an option to refuse, and includes the idea of obedience as corresponding duty. If a testator requests

his executor to pay a given sum to a particular person, the legacy would be complete and recoverable. According to its context and manifest use, an expression of desire or wish will often be equivalent to a positive direction, where that is the evident purpose and meaning of the testator." Colton v. Volton, 127 U. S. 300, 8 Sup. Ct. 1164, 32 L. Ed. 138; Knox's Estate, 131 Pa. 220, 18 Atl. 1021, 6 L. R. A. 353, 17 Am. St. Rep. 798; Slattery v. Wason, 7 L. R. A. 393, note; Bryan v. Milby, 6 Del. Ch. 208, 24 Atl. 333, 13 L. R. A. 563; 40 Cyc. 1404, and cases there cited.

Nor do we find any difficulty in reconciling the conclusion we have reached in this case with the opinion of this court in Re Friss' Will and Estate, 45 Okla. 399, 149 Pac. 1176, where it is said:

"It is a well-settled rule of construction, as applied to wills, that, where an absolute estate or a certain specific interest given is reasonably clear and in unambiguous language in one part, section, or clause of the will, this interest or estate will not be cut down, affected, impaired, or qualified in the same or subsequent provision by inference or argument, or an inaccurate recital of or reference to its contents in other parts of the will; and such estate so vested will be held to be qualified or cut down only by words equally clear and distinct as the words constituting the devise, whether such words are contained in the same or a separate provision."

In the instant case the words in the will, imposing an obligation upon the defendants in favor of plaintiff and creating a lien by operation of law upon the lands devised to them, are clear and unambiguous, and the intention is manifest, from the language used in the will, to create a liability in favor of the plaintiff against these defendants. From the language used in the will and the liability created by it the law implies an impairment of the estate in the lands devised to them in the form of a lien upon said lands for the amount of the liability imposed upon them by the will.

Technically speaking, we are of the opinion that this will does not create a trust in the lands of the defendants for the benefit of plaintiff, but that it created a liability against the defendants and a lien for such liability upon these lands, and we think that the judgment of the trial court should be so modified as to omit that part of the decree declaring a trust in favor of plaintiff, and that the judgment in favor of plaintiff against the defendants and decreeing said judgment to be a lien upon said lands devised to defendants should be affirmed, and the cause remanded to the trial court. with directions to enter judgment in accordance with this opinion.

By the Court: It is so ordered.