WITMAN *against* NORTON.

*Philadelphia,*
*Saturday,*
*July 30.*

If a testator blends his real and personal estate in a general devise of the residue, the legacies are a charge upon the lands.

CASE. " *James Dutton* on the 26th of *November* 1812, " duly made and published his testament and will; " (*prout* the will;) and on the 29th of *December* duly made " and executed a codicil thereto. (*Prout* codicil.) He died " on the ——— day of *January* 1813, and on the 13th of " *January* 1813, the said will and codicil were duly proved. " At the time of making the said will and codicil, the tes- " tator was possessed of personal estate, and seized of real " estate, but the personal estate was insufficient for the pay- " ment of his debts, and of the legacies he bequeathed; and " at the time of his death, the personal estate continued to " be, and now is, insufficient for the payment of his debts " and legacies. The question is, whether the real estate is " chargeable with the legacies bequeathed to the plaintiff. " If the Court shall be of opinion that it is, then judgment " to be entered for the plaintiff generally: if not, then judg- " ment to be entered in his favour for such proportion of " the legacies, as the personal estate is sufficient to pay."

The testator by his will and codicil gave to the plaintiff two legacies of one hundred pounds each. He gave pecuniary legacies to other persons, without naming any funds from which they should be paid; and particularly two hundred pounds to trustees, as a fund to repair and rebuild the wall of *Coates's* burial ground in the *Northern Liberties.* He also made a very special provision for erecting a tombstone over the remains of his parents, some others of his family and of himself, and directed his executors " to pay

" out of his estate all the costs and charges" of procuring and erecting it. The concluding devise was as follows: " As " for and concerning all *the rest, residue, and remainder of* " *my estate real and personal,* whatsoever and wheresoever, " not herein otherwise disposed of, I do give, devise, and " bequeath the same, and every part and parcel thereof, " unto the corporation by the name of the Guardians of the " Poor of the City of *Philadelphia,* the district of *South-* " *wark,* and township of the *Northern Liberties,*" in trust, &c. There was no particular devise of real estate, either in the will or codicil.

The case was submitted without argument by *Sergeant* for the plaintiff, and by *M'Kean* and *S. Ewing* for the defendant.

TILGHMAN C. J. The question in this case is, whether the pecuniary legacies bequeathed by the will of *James Dutton* are a charge on his real estate? After giving several legacies, he devises as follows. " As for and concerning " all the rest, residue, and remainder of my estate, real and " personal, whatsoever and wheresoever, not herein before " otherwise disposed of, I do give, devise, and bequeath " the same and every part and parcel thereof unto the cor- " poration by the name of the Guardians of the Poor of the " City of *Philadelphia,* &c." I can conceive nothing more plain than the testator's intention to give only what remained after payment of debts and legacies. The devise of the residue has not the semblance of a *specific devise,* but shews an intent to give every thing *real and personal which remained.* Some of the legacies were of so peculiar a nature, (to be appropriated to the purpose of keeping the wall of a grave yard in repair, and erecting tomb-stones over the bodies of testator's ancestors) that it would be monstrous to think of defeating them by the subsequent devise of the residue. But there needed not that circumstance. The intent would have been sufficiently plain, if there had been no other than the usual pecuniary legacies to friends. Two cases have been decided in this court full as strong as the present, and I think rather stronger. *Nidds* v. *Postlethwaite,* 2 *Dall.* 131; and *Hassenclever* v. *Tucker,* afterwards affirmed in the High Court of Errors and Ap-

peals. 2 *Binney*, 525. My opinion is that the legacies are a
charge on the land; and therefore judgment should be en-
tered for the plaintiff.

YEATES J. and BRACKENRIDGE J. concurred.

Judgment for plaintiff.