The opinion of the court was delivered by
Duncan, J.
This action, in substance, was in the nature of a bill in equity to administer the assets of Andrew Sheely, the testator, under the facts stated, to which, for the sake of brevity, I refer.
Both parties were dissatisfied with the decision, and both have taken out writs of error; Beelman and his wife contending, that the personal estate and the devised lands constitute the fund for the payment of legacies-and of all other debts, while Andrew Sheely, John Sheely, and Nicholas Kreutzer contend, that the descended land is the first fund, and that neither the personal estate, nor the devised land can be resorted to until that is exhausted. The specific legacy to the widow, cannot be touched until the whole estate devised and descended, has been applied to the discharge of the debts. The vendees, who hold the testator’s bond for the purchase money of land conveyed to him after the execution of his will, hold no specific lien on this land; though in England it would seem that they would. It is a rule in marshalling of assets, where the court have any foundation to go upon, to mar-shall the assets so as that all parties may have satisfaction; for nemo ex allerius detrimento fieri debet locupletio. Francis’s Max. 3; and no man’s right ever should be allowed to he exercised in a manner prejudicial to the rights of others. Hence it is, that if *354 there be no assets to answer the intention of the testator or his legacies, the heir shall have no assistance of the personal estate; for this would be to overthrow the testator’s express intention by an implied one, that the land was to descend free to the heir, and to take away from a man the disposal of his own property. 2 Fonb. Eq. 294. 2 Ch. Cas. 4, 5.
It is further to be recollected, that every devise of lands is in its nature specific, and that the favour which is to be extended to the heir, is not to defeat the disposition of the testator. The personal assets, unless otherwise provided for by the will, is the primary fund. In Pennsylvania, where the testator has blended his real and personal estate, the rveal estate is subjected to the bur-then of the legacies on a deficiency of personal estate. Tucker v. Hassenclever, 3 Yeates, 294 2 Binn. Appen. 525. Witmer v. Norton, 6 Binn. 395. And we may further state, that where there is a general bequest of a legacy, and there is a deficiency of personal assets to pay debts and legacies, the balance of the legacy is payable out of the real estate, unless there is a reservation in the bequest, or some manifest intention to confine the charge either to one estate or the other. Nichols v. Postelthwaite, 2 Dall. 131.
Applying these principles to the case under consideration, then, this is the case of lands devised, subject not by the provisions of the will, but in this state subject by the law to a general charge of debts, as much as if made so by the provisions of the testator. The testator had not the present state of things iq contemplation. He had no intention about any real estate he might afterwards acquire, or the éxtinction or lapse of any devise by the death of the devisee in his lifetime. So far as his views then extended, it was his intention that his sons should take the real and personal estate, after payment of his debts and the legacies to his daughters. He had then six sons, and he devises specific portions of land to each of them. He directs his executors to sell his personal estate, and pay his debts, and divide the money between his six sons, share and share alike. If the construction be, that the estates devised to his sons shall be applied to the payment of the purchase money of the descended lands, the design and plan of the testator is entirely frustrated: if these debts are to be paid out of this land, either in whole or in part, the specific devisees of the land are either totally or partially deprived of that which their father intended for them, and the daughters get what their father never intended they should get: every object of the testator would be defeated. This would be contrary to first principles, and to every rule of a court of equity in marshalling assets, whose object is to satisfy every claimant on the assets of the deceased, so far as that can be effected by any arrangement consistent with the claims of creditors and the intention of the testator.
A consideration of all the cases, with their distinctions, some of which are nice enough, will produce a conviction, that descended *355 estates ax-e generally seized hold of, as the first fund, where none is specifically charged, and where the personal estate is exempt or exhausted. It seems to be the rule, with respect to the priority of application of real assets, 1. That the real estate expressly devised for payment of debts shall be applied. 2. The real estate descended. 3. The real .estate specifically devised, subject to a general charge of debts. In the notes of Cox to Howell v. Price, 1 P. Wms. 294, (1st Amer. Ed.) the cases are collected. It is well settled, that a mere charge upon a devised estate will not protect a descended estate from being first applied: this is reasonable and in few cases can produce injustice, or even inconvenience; for every devise of real estate, whether in general terms or not, is in its nature specific, though the descended estate not being devised to any one, words must be found in the will, where the personal estate is either exhausted or exempted, exonerating it by creating some other specific fund; and the case is stronger where the testator acquired the lands since the devise, than where having them he omits to dispose of them by his will; for in the latter ease there is the absence of all intention that the heir shall take them free from the debts: and, in that case, nothing but devising the real estate expressly for the payment of debts will subject them to the payment, where there is an estate descended sufficient to pay them. Make the most of the case of Beelman and his wife claiming as one of the heirs, it is a case whei’e the real and personal estate blended was charged with the payment of debts and legacies, where the pei’sonal estate is not sufficient to pay them, where there is real estate specifically devised, not expressly ehax'ged with the payment of debts, and estate descended.
The court are of opinion, that the following is the coux’se in which the assets are to be administered:
1.. That the specific bequest to the widow is to be made of the personal estate.
2. That the personal estate is then to be applied to the payment of legacies and all the debts of the testator.
3. That to the balance remaining, after the application of the personal estate, the lands descended are to be first applied; and, if they should prove deficient, then—
4. The lands devised; and x'everse the judgment of the Court of Common Pleas, and direct judgment to be entered accordingly.
In this mode of administei’ing the assets, justice will be done to all, and the intention of the testator observed. In any other mode the whole object of the testator would be fi’ustrated. The principle of casting the payment of the debts equally on the devised and descended lauds, is so contrary to all justice, that it would be' incumbent on the party maintaining.it to px-oduce some authority or rule in support of his position: he has done neither, — the settled doctrine is quite different, and such as I have stated.
Judgment reversed.