# Jane Gallagher's Appeal.

*Legacies, when charged on real estate by implication.*

Where a testator, after giving legacies, makes no specific devise of his real estate, but, blending it with the personalty in the residuary clause, gives it all to his residuary devisee, whom he makes sole executor, he thereby charges the realty with the payment of the legacies.

APPEAL from the Common Pleas of *Armstrong county.*

This was an appeal by Jane Gallagher, from the decree of the court below distributing the proceeds of the sheriff's sale of the real estate of Joseph Gallagher.

The case was this:—Anthony Gallagher, father of Jane, made his will, dated 20th August 1853, and died in April 1856. The will was proved and registered 18th April 1856, and contained the following bequest: "I bequeath and devise to my daughter Jane Gallagher two hundred dollars, to be paid by my son Joseph Gallagher within one year after my decease. One hundred thereof in money, and the remaining one hundred dollars in horses, cattle, sheep, or other stock, at fair prices. And I also direct that my said daughter Jane shall have the right to keep one cow and six sheep on the farm on which I now reside free of charge, so long as she remains with my said son Joseph Gallagher."

The residue of his estate, real and personal, with the exception of a few small bequests, he gave to his son Joseph Gallagher, whom he appointed sole executor. No letters testamentary were ever taken out, but the evidence was clear that Joseph Gallagher took possession of the whole personal estate, and sold and used it for his own benefit before the entry of the judgment under which his real estate was sold.

The land, from the sale of which the fund for distribution arises, became thus vested in Joseph Gallagher, and was sold by the sheriff upon a judgment entered by Timothy Moshier, and the money brought into court for distribution. The question

[Jane Gallagher's Appeal.]

before the auditor was this: Was the land sold by the sheriff either primarily or contingently liable for the payment of the legacy to Jane Gallagher? And if the latter only, had the liability become fixed and absolute at the date of the sale by the happening of the contingency?

The auditor was of the opinion that it was the intention of Anthony Gallagher to make his real estate either primarily or contingently liable for the legacy given to Jane, and allowed her claim with interest from April 18th 1857, distributing the balance to the proper lien-creditors.

On exception to this report, the court below reversed the decision of the auditor, and awarded the whole fund to the plaintiff in the execution; which was the error assigned.

*J. Alexander Fulton,* appellant.

The counsel for appellee submitted no printed argument.

The opinion of the court was delivered by

WOODWARD, C. J.—When does a testator make the pecuniary legacies of his will a charge upon the land he devises?

It would be easy to answer, when he manifests an intention to do so by express language. But it often happens that there is no express charge, and language which the testator directed to other objects has to be so construed as to get at his presumed intention upon this particular point. The most important of the English cases under this head will be found collected in 2 Jarm. on Wills 378, *et seq.*; without discussing our own cases, I content myself with referring to so many of them as will exhibit the grounds and reasons for conclusions which, if not actually hostile, do not agree very well together: Lobach's Case, 6 Watts 169; Brandt's Appeal, 8 Id. 198; Ripple *v.* Ripple, 1 Rawle 386; Devitt *v.* Eldred, 4 W. & S. 422; Montgomery *v.* McElroy, 3 W. & S. 370; Miltenberger *v.* Schlegel, 7 Barr 241; Hackadorn's Appeal, 1 Jones 88; McGlaughlin *v.* McGlaughlin, 12 Harris 22; Riley's Appeal, 10 Casey 292; Clery's Appeal, 10 Id. 54; Field's Appeal, 12 Id. 11; Wright's Appeal, 2 Jones 257.

There is one principle of decision fairly deducible from the authorities, which is enough to decide the present case: that is, that where a testator, after giving legacies, makes no specific devise of his real estate, but blending it with the personalty in the residuary clause, gives it all to his residuary devisee, whom he makes sole executor, he thereby charges the realty with the payment of the legacies. The *residue* in such a case can mean nothing but what remains after the legacies have been taken out. If there be special devises of real estate, the word residue may

[Jane Gallagher's Appeal.]

refer to them; but where the only antecedent bequests are pecuniary legacies, this word implies that they are to be deducted to make the residue.

The personalty is the primary fund for the payment of both debts and legacies, unless relieved by express charge upon the realty; but when the real estate is blended with the personal, the land is charged with the legacies: McLanahan *v.* Wyant, 1 Pa. R. 112, and 6 Binn. 396.

Now in this case it appears from the scrap of the will which is furnished to us, that Gallagher gave his daughter Jane a legacy of $200, to be paid by her brother Joseph within one year after the testator's death, and the residue of his estate, real and personal, with the exception of a few small bequests, he gave to his son Joseph, whom he appointed executor. It is an immaterial circumstance that one-half of the two hundred dollar legacy was payable in "horses, cattle, sheep, or other stock," for these were to be taken at "fair prices," and were not specific bequests, but only a cheaper currency in which to discharge half a legacy strictly pecuniary. Nor does the other provision, that Jane might keep a cow and six sheep, help to sustain the ruling below, for these were expressly charged upon the farm as long as Jane should remain with Joseph.

Essentially it is the case of a pecuniary legacy to one, with a residuary devise of both realty and personalty to another; and this establishes the charge, especially as against a judgment-creditor whose lien did not attach until the personal estate was gone, and the realty was the only fund left for the satisfaction of the legacy.

The decree is reversed, and distribution is ordered to be made in accordance with the auditor's report, the costs to be first taken out of the fund.