## Bennett's Estate. Collins's Appeal.

[Marked to be reported.]

*Wills—Legacies—Payable primarily out of personalty—Blending of realty and personalty.*

The personal estate is the primary fund for the payment of debts and legacies, and where the real estate is specifically devised, it cannot be resorted to for the payment of the legacies in case of deficiency of the personal estate.

Where, however, the will shows a blending of the real and personal estate in one fund for the payment of debts and legacies, the legacies become a charge upon the lands.

In the latter case the residue can mean nothing but what remains after payment of debts and legacies.

Argued Feb. 9, 1892. Appeal, No. 38, July T., 1891, by Sidney H. Collins, from decree of O. C. Chester Co., confirming the report of an auditor making distribution in the estate of Minerva Bennett, deceased. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Claim for legacy given by testatrix.

The facts appear by the opinion of the Supreme Court.

The auditor, John J. Pinkerton, Esq., rejected the claim on the ground that the personalty of the testatrix was exhausted in the payment of claims against her estate. Appellant excepted because

"1. The auditor has erred in not awarding to Sidney H. Collins the sum of $100, bequeathed to her by the will of Minerva Bennett." [1]

"2. The auditor has erred in deciding that the personal estate is the only fund out of which the bequest of $100 to Sidney H. Collins could be paid." [2]

The court, HEMPHILL, J., having dismissed these exceptions, the legatee appealed.

*Errors assigned* were, (1 and 2) dismissing the above exceptions, quoting them; (3) failure to award to appellant $100 bequeathed to her by testatrix.

*William M. Hayes*, for appellant.—Testatrix's intention was clear, and it is a hardship to deprive this legatee, the only liv-

ing person to whom a bequest is made, of her legacy, in order that the residue of the estate shall go to heirs and next of kin not mentioned in the will: Blake's Est., 134 Pa. 240.

This is a case of blending of the realty and personalty: Witman v. Norton, 6 Binn. 395; M'Lanahan v. Wyant, 1 P. & W. 96; Gallagher's Ap., 48 Pa. 121.

*Alfred P. Reid*, for appellees.—If the testator directs a particular person to pay, he is presumed, in the absence of all other circumstances, to pay out of the funds with which he is intrusted, and not out of other funds over which he has no control. If the executor is pointed out as the person to pay, that excludes the presumption that other persons not named are required to pay: 2 Story, Eq. Jur., sec. 1247; 3 Jarman on Wills, 414; Brookhart v. Small, 7 W. & S. 229; Swift v. Edson, 5 Conn. 531.

The personalty passed to the executors and the land to the heirs by different titles.

OPINION BY MR. CHIEF JUSTICE PAXSON, March 28, 1892:

The will of Minerva Bennett, after providing for the payment of the just debts and funeral expenses of the testatrix, contains a bequest to her sister, Sidney Collins, of the sum of one hundred dollars, " to be paid her by my executors within six months after my decease." The testatrix then proceeds to dispose of the remainder of her estate as follows:

" I give, devise and bequeath to my three sisters, Juliet Bennett, Matilda B. Thomas, and Rebecca L. Reid, or those of them who may survive me, all the rest, residue and remainder of my estate, real, personal and mixed, whatsoever and wheresoever, of which I shall die seized and possessed, or to which I shall be entitled at my decease, to hold to them or those of them surviving me, their heirs and assigns."

The three sisters above named of the testatrix died before the latter, and the residuary clause of the will never took effect. Upon the settlement of her estate in the orphans' court, it appeared there was no personal estate, out of which to pay the legacy to Sidney Collins. Both the learned auditor and court below held that the testatrix did not intend to charge the legacy upon the real estate, for the reason, inter alia, that she directs the said legacy to be paid to the legatee " by my

executor within six months after my decease," and that said real estate passed, not by the will, but under the intestate laws, to her heirs. Neither the auditor nor the court below has cited any authority for this proposition.

It may be conceded that the personal estate is the primary fund for the payment of the debts and legacies, and that where the real estate is specifically devised, it cannot be resorted to for the payment of the legacies in case of a deficiency of the personal estate. The rule upon this subject is correctly stated in our recent case of Duvall's Est., 146 Pa. 176, where it was held that if one dies without leaving sufficient personal estate for the payment of his bequests, they are adeemed wholly, or pro tanto, unless there is something more than the mere gift of the bequest to denote an intention that it shall be paid out of the land. In that case there was a specific devise of the real estate, and there was nothing to show that the testator intended to charge the legacies upon the land. In the case in hand there was no specific devise of the real estate. On the contrary, the will of Minerva Bennett gave the rest, residue and remainder of her estate, real, personal and mixed, to the residuary legatees. The rest, residue and remainder of her estate, consisted only of what was left after the payment of the debts and legacies. The will shows a blending of the real and personal estate into one fund for the payment of debts and legacies. It was held in Whitman v. Norton, 6 Binn. 395, that if a testator blends his real and personal estate in a general devise of the residue, the legacies are a charge upon the lands. In referring to a similar residuary clause, Chief Justice TILGHMAN remarked in the case : " I can conceive nothing more plain than the testator's intention to give only what remained after payment of debts and legacies. The devise of the residue has not the semblance of a specific devise, but shows an intent to give everything real and personal which remained." The authority of that case has never been questioned. In Gallagher's Appeal, 48 Pa. 121, the same point was expressly ruled, Chief Justice WOODWARD saying, in delivering the opinion of the court: " There is one principle of decision fairly deducible from the authorities, which is enough to decide the present case : that is, that where a testator, after giving legacies, makes no specific devise of his real estate, but blending it with the

personalty in the residuary clause, gives it all to his residuary devisee, whom he makes sole executor, he thereby charges the realty with the payment of the legacies. The residue in such a case can mean nothing but what remains after the legacies have been taken out." To the same effect is Blake's Estate, 134 Pa. 240. The case is too plain to require elaboration. All of the specifications of error are sustained. We are of opinion that the appellant is entitled to be paid her legacy out of the fund for distribution.

The decree is reversed at the costs of the appellee, and it is ordered that distribution be made in accordance with this opinion.