# Estate of George J. Pittman, deceased. Appeal of Elizabeth Pittman.

*Will—Devise—Payment of debts.*

On a question of marshalling assets under a will, the residuary clauses necessarily furnish the most important evidence of the intention of the testator, because they dispose of the surplus that remains after satisfying all the other directions of the will, and, therefore, it is very natural to presume that the testator intends to charge upon them all the deficiencies in the other portions of his estate, in paying debts and legacies; hence, legacies and debts not otherwise effectively provided for are charged upon the residuary estate, because the testator so intended. The intent is not expressed, but is generally, not always, presumed, because, in giving the surplus, he gives only what remains after his special benefactions and the lawful demands on his estate are satisfied.

Testator, owning one hundred and thirty-five acres of land, devised twenty acres to an adopted daughter and thirty acres to a nephew, and gave and bequeathed " the balance " of all his property to his wife. *Held,* that the gift of the balance was equivalent to a specific devise of the remaining eighty-five acres of land, and the three devises should, therefore, contribute, pro rata according to value, towards the payment of a debt which the testator did not mention in his will, and which he did not contemplate.

Argued May 31, 1897. Appeal, No.    May T., 1897, by Elizabeth Pittman, from decree of O. C. Fulton Co., on petition to sell real estate. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ.   Reversed.

Petition to sell real estate.   Before SWOPE, P. J.
The facts appear by the opinion of the Supreme Court.

*Error assigned* was the decree of the court.

*W. U. Brewer,* with him *J. Nelson Sipes* and *W. R. Gillan,* for appellant.—The widow, Mrs. Pittman, in this case, is a purchaser and not a volunteer. The personalty being exhausted, the devisees who are volunteers must first surrender their devises for the satisfaction of debts, and resort can only be had to lands devised to the widow, Mrs. Pittman, last. That is, the lands devised Mrs. Pittman can only be sold for the payment of debts after the other devised lands are exhausted: Act of

April 8, 1833, P. L. 249; Act of April 4, 1797, 3 Sm. L. 296; Reed v. Reed, 9 Watts, 263; 3 Pomeroy's Eq. Jur. sec. 1135; Kirk's Est., 8 W. N. C. 107; Gassman's Est., 10 W. N. C. 275; McDaniel's Est., 9 Pa. C. C. R. 232; Taylor's Est., 16 Pa. C. C. R. 529; Harper's App., 111 Pa. 243; University of Pennsylvania's App., 97 Pa. 187; Wilson's Est., 15 Phila. 528; 3 Pomeroy's Eq. sec. 1142; Towle v. Swasey, 106 Mass. 100; Borden v. Jenks, 140 Mass. 562; Steele v. Steele, 64 Ala. 438; 8 Am. State Reports, p. 725; Hensman v. Fryer, L. R. 3 Ch. App. Cases, 420; Gibbins v. Eyden, L. R. 7 Eq. 371; Collins v. Lewis, L. R. 8 Eq. 708; Pearmain v. Twiss, 2 Giff. 130; Long v. Short, 1 P. Wms. 403; Tombs v. Roch, 2 Coll. C. C. 490; Gervis v. Gervis, 14 Sim. 654; Fielding v. Preston, 1 De Gex &. J. 438; Bateman v. Hotchkin, 10 Beav. 426.

Every gift of real estate is specific, no matter whether it is or is not contained in a residuary devise. This results from the very nature of the thing itself.

The testator says: "I will and bequeath to my beloved wife, Elizabeth, the balance of all my property, real, personal and mixed," etc. This language when applied to the realty of the testator is easily understood. It simply refers to the real estate remaining after the devises to the appellees. In his will he says nothing about his debts. Under all the authorities, this gift of land to Mrs. Pittman, the appellant, is a specific devise. There can be a residue and remainder of personal estate. For example, a testator may provide for payment of debts and legacies out of his personalty, and bequeath the residue and remainder, and in such case the legatee is properly called the residuary legatee.

The testator, to avoid a long circumlocution, cuts the matter short and saves specific description of the wife's share by giving her the balance of his property, real and personal. No one else was given any of his personal property, and hence the gift was as specific as if he had inventoried in his will each article of personalty he possessed. And the same is equally true with respect to his realty. The devise of his realty would have been no more specific if he had put in his will a description of his wife's share by metes and bounds. In no sense is the wife a residuary legatee or devisee.

Even if this court shall hold that our position is not well

taken, it is beyond question that all the devisees must contribute ratably to the payment of the debts.

A case very much like the present case in principle is Gibbins v. Eyden, Law Rep. 7 Eq. 371. See also Rotheram v. Rotheram, 26 Beav. 465; Pearmain v. Twiss, 2 Giff. 130; Hallowell's Est., 23 Pa. 223; Kirk's Est., 8 W. N. C. 107.

*John P. Sipes*, with him *George A. Smith*, for appellees.— The residuary clause in a will disposes of the surplus remaining after making good all the deficiencies in the other portions of the estate: McGlaughlin v. McGlaughlin, 24 Pa. 20; Strohm's App., 23 Pa. 351; Bennett's Est., 148 Pa. 139; Sloan's App., 168 Pa. 422.

A legatee who is also executrix, who proves the will, and accepts a bequest under its provisions, will be estopped in equity from asserting a claim in hostility to other provisions of the will: Benedict v. Montgomery, 7 W. & S. 238.

One accepting a provision under a will is estopped from asserting a claim repugnant to its provisions: Cox v. Rogers, 77 Pa. 160.

OPINION BY MR. JUSTICE DEAN, July 15, 1897:

George J. Pittman died September 17, 1891, leaving a widow, but no children. He left an estate, consisting largely of land, part being a valuable improved farm of one hundred and thirty-five acres. Of this, he devised a particularly described field of twenty acres to an adopted daughter, Olive D. Pittman; another field, of thirty acres, particularly described, to his nephew, Thomas Johnston, this last, subject to the payment of $500 to a niece, Pleasant E. Mann; to his wife, Elizabeth, he devised and bequeathed the balance of the land and estate, subject to the payment of $150 to his adopted daughter, Olive D. Pittman, she, Olive, however, to pay the collateral inheritance tax on the field before devised to her. By a codicil, instead of an absolute estate in the balance, he gave to his wife the use thereof during life, with authority to sell, convey and dispose of the same, and use the proceeds if she thought necessary; if anything remained at her death, then it was to go to certain nephews and nieces in particular allotments.

Thomas Johnston accepted the devise of the field, paid the

collateral inheritance tax, and the charge of $500 in favor of the niece.    Olive D. Pittman paid the collateral inheritance tax on the field devised to her.

The testator, some years before his death, had incurred a liability as surety on an administration bond in a considerable amount; though the bond was in suit at his death, it appears he expected the defense set up would be successful, therefore, he seems not to have had in mind any depletion of his estate on account of this liability, or any other, and made no provision for payment of debts in his will.    However, after his death, the event of the suit on the bond fixed his indebtedness in this particular at $2,004.49, which with counsel fees, funeral expenses, and a few other items, made the entire debts for which the estate was answerable, $3,064.49.    In addition to the land, there was some personal property, which was taken by the widow, the value of which is in dispute, but it was stated by the counsel in argument before us, as worth about $600, and for the purpose of ending strife, we adopt that valuation in making up our decree.    Under these circumstances, application was made by the widow and executrix to the orphans' court for an order of sale to pay debts, with a request that the court direct in what order the land should be sold; she, contending, that as widow, the land devised to her should be last resorted to.    The two other devisees contended that theirs were specific devises, and the widow's a residuary one, therefore, under the law, the latter must be first subject to payment of the debts.    The court below, was of opinion that the devise to the widow was residuary, having no semblance of a specific devise, and, therefore, must be first appropriated in payment of the unanticipated indebtedness.

Without citing the many cases on the question, the reasons for the judgments in them not always being in harmony, one rule, in substance, is announced in all of them; as summarized by LOWRIE, J., in McGlaughlin v. McGlaughlin, 24 Pa. 20, it is this: "On a question of marshalling assets under a will, the residuary clauses necessarily furnish the most important evidence of the intention of the testator, because they dispose of the surplus that remains after satisfying all the other directions of the will.    On this account it is very natural to presume that the testator intends to charge upon them all the deficiencies in the other portions of his estate in paying debts and legacies;

and hence, it is very generally decided that debts and legacies not otherwise effectively provided for fall upon the residuary devises and legacies. That is, legacies and debts are charged upon the residuary estate, because the testator so intended; the intent is not expressed, but is generally, not always, presumed, because, in giving the surplus, he gives only what remains after his special benefactions and the lawful demands on his estate are satisfied."

The remarks of WOODWARD, C. J., in Gallagher's Appeal, 48 Pa. 121, in discussing the question, as to whether a legacy should be charged on a residuary devise, points out the difficulty in a case like the one before us : "When does a testator make the pecuniary legacies a charge upon the land devised? It would be easy to answer when he manifests an intention to do so by express language. But it often happens that there is no express charge, and language which the testator directed to other objects has to be so construed as to get at his presumed intention upon this particular point."

What was the intent of this testator? If it was that his wife was to have only what remained after the two legacies to his nephew and adopted daughter and his debts were paid, then the property devised to the wife must be first sold. It will be noticed that neither in the will nor in the codicil does he speak of debts, and, as it is admitted that the obligation of suretyship, with the expenses incident to a defense against it, with a trifling exception, constitute his whole indebtedness, it is not probable that the testator considered the matter as of sufficient gravity to warrant a direction concerning debts. The principal part of his estate consisted of his 135 acre farm, and he disposes of this first, by giving a particular field of twenty acres to his adopted daughter, then a particular field of thirty acres to his nephew, imposing upon that a specific charge of $500. This left eighty-five acres of the farm and his personalty; he then says : "I give and bequeath to my beloved wife, Elizabeth, her heirs and assigns forever, the balance of all my property, real, personal and mixed, of what nature or kind soever, and wheresoever the same shall be at my death, subject, however, to the payment of one hundred and fifty dollars to my adopted daughter, Olive D. Pittman, before mentioned."

It is wholly immaterial that he commences by giving the

fields first, and the balance to his wife afterwards, for, as is said by SHARSWOOD, J., in Willard's Appeal, 68 Pa. 327, "The residue of a man's estate, in testamentary language, means whatever is not specifically devised or bequeathed, and in whatever part of a will it may happen to be found, it ought to have that meaning, unless the whole will, taken together, shows clearly it was not so intended." Taking the whole will together, does it not clearly appear that testator intended three specific devises? Was not the devise to his wife just as specific as the fields to his adopted daughter and nephew? He could, just as precisely and specifically, have expressed the same intention by saying, "I devise and bequeath to my wife all my estate, real and personal, except the twenty acre field which I devise to my daughter, and the thirty acre field which I devise to my nephew, subject to a charge of $500." Then all three, it is not questioned, would have been specific; the wife's would have been determined by an inspection of his titles and a schedule of his personalty; the daughter's and nephew's by pointing out to them the designated fields. It was, perhaps, more convenient to note the exceptions to the wife's devise first; but in doing so hers was not made less specific; the word "balance" left to her the eighty-five acres of the farm and every article of personal property, as specifically as if enumerated and · described at length. He does not leave to her a balance, in the sense that she was to have what remained after payment of debts and legacies ; she was to have the balance distinct and specific, after cutting off the two fields. The devise was not a residue of an estate, implying an unknown value or quantity of property by one in conscious ignorance of possible claims or charges ; it was a specific devise of the land and bequest of the personalty, capable of absolute certainty the day after his death, by one having full knowledge of his estate, and believing it subject to no charges except those directed in his will. In view of the testator's surroundings, the character and value of his estate, the objects of his bounty, and the language used to express his intention, there is no room for the presumption that by the use of the word "balance" he meant to give his wife the residue of his estate after deducting the devises specified, debts not known, and other charges. He meant just what he expressed, a specific

devise to her of all his estate, after taking out the two devises of the two fields, and the $150 directed to be paid his adopted daughter.

The argument that the widow having accepted the devise, it must be considered as in lieu of dower, therefore she must be treated as a purchaser for a valuable consideration, is not sustained by the facts under this will; as pertinently said in the opinion of the court below: "She must certainly accept her devise subject to all the limitations and conditions imposed upon it by the testator, either by express words or necessary implication." Here, by express words, all three were specific devises, and, by necessary implication, all are answerable for the indebtedness. In equity, all three should contribute pro rata according to value towards payment of the unexpected indebtedness.

The learned judge of the court below has found from the evidence the value of the devises as follows:

Olive D. Pittman, . . . . . . . $  800.00
Thomas Johnston, . . . . . 1,275.00
Elizabeth Pittman, $5,500, to which we add
   admitted value of personal property, $600,
   making, . . . . . . . 6,100.00
                                            ─────────
                                            $8,175.00

Total of debts, $3,064.49.

To pay this would require a pro rata distribution from each devisee of 37.486 per cent on the value of each devise, making for

Elizabeth Pittman, . . . . . $2,286.646
Olive D. Pittman, . . . . . 299.888
Thomas Johnston, . . . . . . 477.946
                                         ─────────
                                         $3,064.48

Each amount should bear interest from June 9, 1896, the date of final decree in the court below.

It is therefore ordered that the decree of the court below be reversed, and it is further decreed by this court, that the property of each legatee be subject to the payment of the heretofore specified pro rata amounts respectively, and each is directed to pay the same to the executrix, to be applied in payment of the

aforesaid debt.   It is further ordered that, if default be made in said payment by either for a period of sixty days after the filing of this decree, then an order. issue from the court below for the sale of the land of the devisee or devisees so in default; on such terms, however, as the court below, in its discretion, may decree.

As this litigation arises from an uncertainty of legal right occasioned by the language of the will itself it is but just that the costs of this appeal should be borne equally.   It is therefore ordered that each devisee pay one third of same.