# Bell's Estate.

*Wills—Construction of—Legacies—Blending of realty and personalty in residuary clause—Effect of.*

A testator, after ordering the payment of his debts and a legacy to his sister, devised "the Hill Farm" to his adopted son upon certain conditions which were fulfilled. By the last paragraph of the

will the testator's widow was given the residue of his estate. By codicil the testator gave two legacies of five hundred dollars each to be paid upon the death of his wife. The codicil also directed that in case the adopted son did not comply with the conditions imposed, or died without issue, testator's widow should "hold and control said farm [Hill Farm] during her lifetime, then to go as set forth in my will and the balance of my estate to be at the disposal of my wife." The testator left two farms, one the Hill Farm and the other the Homestead Farm. The widow prior to her death conveyed the Homestead Farm to the adopted son in consideration of one dollar and his promise to support her for life and to pay the two five hundred dollar legacies. The payment of the testator's debts and the legacy to his sister exhausted the personalty.

*Held:* That the legacies provided for in the codicil were payable out of the Homestead Farm after the death of the testator's widow.

The conveyance of the Homestead Farm in consideration of the payment of the legacies indicated that both the widow and the son clearly understood that the testator intended that the legacies should be payable out of that farm.

Where a testator, after giving legacies, makes no specific devise of his real estate, but blending it with his personalty in the residuary clause, gives it all to his residuary devisee, he thereby charges the realty with the payment of the legacies. The residue in such case can mean nothing but what remains after the legacies have been taken out.

Argued April 9, 1928. Appeals Nos. 1548, 1549 and 1550, April T., 1928, by Margaret S. Brink, Dr. R. L. Stackpole and E. G. Stackpole from decree of O. C., Crawford County, May T., 1888, No. 300-X, in the Estate of John S. Bell, deceased. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Reversed.

Petition for the payment of two legacies alleged to be charged on and payable out of the real estate of the decedent. Before PRATHER, P. J.

The facts are stated in the opinion of the Superior Court.

The court dismissed the petition. Margaret S. Brink, Dr. R. L. Stackpole and E. G. Stackpole appealed.

*Errors assigned* were to the opinion and in dismissal of the petition.

*Otto Kohler,* for appellants.

*Frank J. Thomas,* and with him *Paul E. Thomas,* of *Thomas & Thomas,* for appellee.

OPINION BY LINN, J., July 12, 1928:

This appeal is from the dismissal of a petition for the payment of two legacies alleged to be charged on or payable out of his real estate by the will of John S. Bell. He died January 4, 1888, leaving a will dated July 5, 1885, and codicil dated August 23, 1887, admitted to probate. The case was heard on petition, an amendment to it, an answer filed by Lewis Bell, and an agreement of facts. The important question is whether two legacies of $500 each contained in the codicil, are payable out of the homestead farm left by the testator.

In the will, after ordering the payment of his debts, and a legacy of $500 to his sister, he devised what he described as the Hill farm to Lewis Miers, also known as Lewis Bell, on condition that Lewis remain with and work for decedent's widow until he became 26 years of age, with remainder over if he died or failed to do as required. The condition was fulfilled and the devisee took the Hill farm.

The last paragraph in the will is as follows: "4th. I give, devise and bequeath to my wife Matilda all the balance of my property, real, personal, or mixed, of whatsoever nature or kind the same may be that I may be in possession of at the time of my de'c., and further I do nominate, constitute and appoint my said wife executrix of my last will and testament and revoking all former wills and declaring this to be the last to the end." By the codicil he gave $100 to the trustee of a cemetery company to care for his burial

lot and two legacies of $500 each, one to Eva Stackpole "to be paid to her or her heirs on the death of my wife," and the other to Jennett Snyder "to be paid at the death of my said wife." He also bequeathed $100 to Maggy Snyder "to be paid to her when she becomes to the age of 21 years," and then added the following provision: "I give and bequeath to my adopted son Lewis Bell (formerly Lewis Miers) the sum of one hundred dollars when he becomes of age, and a reasonable compensation for his labor from that time until he becomes of the age to inherit the Hill farm as set forth in my will and in case that he does not comply with said conditions or dies without issue, my wife shall hold and control said farm for and during her life time, then to go as set forth in my will, and the balance of my estate to be at the disposal of my wife."

The widow qualified as executrix and filed her account, confirmed July 13, 1889, showing that payment of the legacy to Margaret Wilson, the collateral inheritance tax, decedent's debts and some costs, had exhausted the personalty $1,568.87. She died April 4, 1926. Nothing further in the course of distribution seems to have been done after the widow's death, until the petition now before us was filed. Decedent left two farms, one, the Hill farm, specifically devised to Lewis Bell, and the other, the homestead farm,— which passed by the residuary clause,—occupied by the widow. November 24, 1922, she conveyed this homestead farm to Lewis Bell in consideration of $1 and his promise to support her for life and to pay the two legacies of $500 each to Eva Stackpole and Jennett Snyder, a transaction to be considered later.

It will be observed in the 4th paragraph of the will, that testator, by giving "the balance" of his property to his widow, blended the real and personal estate not previously disposed of. The last paragraph of the codicil also describes the widow's portion as "the balance of my estate."

The court below held that the Hill farm devised to Lewis Bell was not charged with the payment of the legacies; we agree with that conclusion because a legacy chargeable on real estate by a blending residuary clause is not payable out of a specific devise. But petitioners included within the scope of this proceeding not only the specifically devised Hill farm, but also the homestead farm that passed to the widow under the 4th paragraph of the will and the last paragraph of the codicil. The court held that it did not sufficiently appear that testator intended to make the legacies a charge on this homestead farm; we cannot accept that conclusion. It is not without interest at this point to note that the widow's deed of the homestead farm to Lewis Bell in consideration of his promise to pay these legacies would indicate that both the widow and Lewis Bell clearly understood that testator intended that the legacies should come out of that farm. The applicable rule was discussed in Bennett's Estate, 148 Pa. 139, 141, where it was said: "In the case in hand there was no specific devise of the real estate. On the contrary the will of Minerva Bennett gave the rest, residue and remainder of her estate, real, personal and mixed to the residuary legatees. The rest, residue and remainder of her estate, consisted only of what was left after the payment of her debts and legacies. The will shows a blending of the real and personal estate into one fund for the payment of debts and legacies. It was held in Witman v. Norton, 6 Binn. 395, that if a testator blends his real and personal estate in a general devise of the residue, the legacies are a charge upon the lands. In referring to a similar residuary clause, Chief Justice TILGHMAN remarked in the case: 'I can conceive nothing more plain than the testator's intention to give only what remained after payment of debts and legacies. The devise of the residue has not the semblance of a specific devise, but shows an intent to give everything real

and personal which remained.' The authority of that case has never been questioned. In Gallagher's Appeal, 48 Pa. 121, the same point was expressly ruled, Chief Justice WOODWARD saying, in delivering the opinion of the court: 'There is one principle of decision fairly deducible from the authorities, which is enough to decide the present case: that is, that where a testator, after giving legacies, makes no specific devise of his real estate, but blending it with the personalty in the residuary clause, gives it all to his residuary devisee, whom he makes sole executor, he thereby charges the realty with the payment of the legacies. The residue in such a case can mean nothing but what remains after the legacies have been taken out.' To the same effect is Blake's Estate, 134 Pa. 240. The case is too plain to require elaboration.'' See also Markley's Estate, 148 Pa. 538; Mitchell's Estate, 182 Pa. 530, 533; Reel's Estate, 266 Pa. 221. ''If testator makes either bequests or devises, or both without indicating from what source the legacies are to be paid, and then gives the residue of his estate, blending the realty and personalty into the mass, such gift is held in most states, to charge the legacies upon the realty which is given in the residuary clause'': Page on Wills, 2nd Ed., Vol. 2, Sec. 1277, p. 2123.

The court below relied on cases holding that unless the intention to create a charge upon the land is clear, no charge will be sustained. But the intention to charge the homestead farm clearly appears in the 4th clause of the will and the last paragraph of the codicil. This paragraph follows general pecuniary legacies, two of them made payable at the death of the wife, and one when the legatee becomes 21 years of age. Testator then gives his adopted son, Lewis Bell, $100 when he becomes of age, and reasonable compensation for his labor until he can take the Hill farm as set forth in the will, with the provision that if Lewis Bell should not comply with the conditions imposed, or

should die without issue, his widow should "hold and control said farm [the Hill farm] during her life time, then to go as set forth in my will and the balance of my estate to be at the disposal of my wife." The testator intended that from the residue or balance—which included the homestead farm—the legacies mentioned in the codicil should be paid on the death of his widow, and this is exactly as she and Lewis Bell understood testator's intention, as both indicated when she made and Lewis Bell accepted the deed for the homestead farm in 1922.

As no objection was made to the right of petitioners to proceed as "heirs" of the legatees, Eva Stackpole and Jennett Snyder, who died—one in 1914 and the other in 1915—we have considered the case on its merits in accordance with the apparent wish of the parties, but proper amendment should be made substituting the personal representatives of the deceased legatees, as these legacies became assets of their estates and should be so dealt with.

The order appealed from is reversed and the record is remitted for further proceedings, costs to be paid out of the estate.