## Henderson's Estate

Before Van Dusen, P. J., and Stearne, Sinkler, Klein, Bolger, and Ladner, JJ.

*John J. Cahill*, for petitioner.

*Joseph Atlas*, for respondent.

STEARNE, J., May 28, 1937.—The question raised by the petition and answer is whether pecuniary legacies given by the will are charged upon the real estate.

The Wills Act of June 7, 1917, P. L. 403, sec. 17, provides:

"All pecuniary legacies contained in any will shall be charged upon, and payable out of, any real estate *not specifically devised*, where the personal estate is insufficient for their payment". (Italics ours).

A residuary legatee (respondent) maintains that the real estate in question was specifically devised to her under the language of the residuary clause, which reads as follows:

"All the rest, residue and remainder of my estate, real, personal and mixed, of what kind soever and wheresoever the same may be at the time of my decease (including the property in Pennsylvania and New Jersey) to my daughter, Rachel Hughes, providing she is alive at the time of my decease. If my said daughter, Rachel Hughes, should not survive me, then I direct that the residuary estate shall be divided between my five children, and my grandson (the son of Rachel Hughes), Thomas Hughes, Jr., share and share alike."

It is strenuously argued that the words "including the property in Pennsylvania and New Jersey" constitute a

474

specific devise of the realty, and hence the provisions of section 17 of the Wills Act, supra, have no application. As we construe the will, the parenthetical inclusion of the words "including the property in Pennsylvania and New Jersey" in the residuary clause was merely an emphasis by testator that the real estate formed part of his residuary estate. We are unable to read these words, in their context, as a specific devise of the real estate to the individual who is named as residuary devisee. This is especially true when it is observed that there is an alternative gift of the same property in the event that the residuary legatee be deceased, and which property is bequeathed as the "residuary estate".

2 Jarman on Wills (7th ed. by Sanger) 1003, et seq., states: "A gift of residue, *including certain property* ... does not make the gift of that property specific." (Italics ours).

2 Page on Wills (2d ed.) 2054, sec. 1232, states: "A residuary devise of realty is a general devise in legal effect as well as in form."

Any doubt, however, is expelled by Reel's Estate, 266 Pa. 221. The language of the residuary clause in that case is almost identical. It reads: "All the rest and residue of my estate, including my dwelling-house known as Reel Hall". The Supreme Court held that the land was bound for the payment of the legacy. See also opinion of Mr. Justice Linn, then of the Superior Court, in Bell's Estate, 93 Pa. Superior Ct. 549, and the cases therein cited.

The prayer of the petition is granted. Counsel will submit an appropriate decree.