## Fetter's Estate

Before Stearne, acting P. J., Sinkler, Klein, Bolger, and Ladner, JJ.

The facts appear from the following extracts from the adjudication of

KLEIN, J., auditing judge.— . . .

The balance of principal shown by the present account is $35,409.18, which includes the proceeds of the sale of premises 4202-04 Girard Avenue. As the personal estate of the decedent included in the said balance is insufficient to pay the said legacy of $50,000 to the City of Philadelphia in trust for the uses and purposes declared by the will of the testator, the auditing judge is requested to determine whether or not the proceeds of the sale of 4202-04 Girard Avenue should be awarded to the City of Philadelphia on account of its legacy of $50,000 together with the personal estate. The residuary legatees contend that the sum of $11,-000, representing the proceeds of the sale of said real estate, should be taken out of the account and awarded to them and that only the balance of personal estate should be awarded to the City of Philadelphia on account of its legacy. The determination of this question depends upon whether or not the said legacy of $50,000 is charged upon the real estate of the testator under the language of his will. . . .

In behalf of the residuary legatees it was argued that testator directed the payment of legacies out of the net produce of his personal estate and that therefore said legacy of $50,000 should not be construed as a charge upon testator's real estate, but should be paid only out of testator's personal estate, and if this were insufficient that the said legacy should abate.

The principal difficulty presented in construing this holographic will is the unorthodox manner in which testator numbered the various paragraphs contained in it. It will, therefore, be necessary, in order to resolve this question, to examine the will carefully, noting the sequence of its provisions and the peculiarity of the numbering. By the "Fifth" paragraph, testator provided as follows:

"Fifth:—I direct, that all my real estate and personal property shall remain invested, as at my decease, excepting such money as may be needed, to carry out the conditions of my will, and for these purposes, such money shall be obtained by the sale of stocks or bonds, belonging to the estate. I direct that the net produce of my personal estate, be divided as follows."

He then bequeathed two pecuniary legacies in clauses "First" and "Second", which, by their numerical designations would indicate that testator regarded them as subsidiary to paragraph "Fifth".

By paragraph "Third", which, though it contains the residuary gift, is numerically designated as though it were likewise intended to be a subdivision of paragraph "Fifth," he provided as follows:

"Third:—I give and bequeath unto my beloved wife, Salome, the entire income, of the balance of my real and personal estate, during her natural life, and at her death, . . . ."

By paragraph "First", apparently intended as a subdivision of "Third", he provided as follows:

"First:—I give and bequeath unto the City of Philadelphia, the sum of Fifty thousand dollars, in trust, to

invest the same, and to collect the income thereof, and expend it in the purchase of scholarships, in the higher institutions of learning, for such poor young women, of the City of Philadelphia, as may in the judgment of the Board of City Trusts, be most worthy of the benefit."

By paragraph "Second", apparently intended as a second subdivision of "Third", he provided as follows:

"Second:—All the residue, and the remainder of my entire estate, real, personal or mixed, I give devise and bequeath unto my nieces, Charlotte T. Brinsley, Sarah C. Gainor, Josephine A. Gimser, Elizabeth C. Phlon, M. Melissa Barcalow, and my nephew, Samuel W. Dyer, share and share alike. If any of my said nieces or nephew, shall not survive, then I direct the share of such niece or nephew, shall go to her or his children, and if such niece or nephew shall have no children, those surviving or living at this time, shall receive the share of such niece or nephew divided among them, share and share alike."

The argument that testator intended to limit payment of the $50,000 legacy to the City of Philadelphia to the "net produce" of his personal estate fails to take into account the character of this legacy. This is a remainder legacy, payable at the termination of the widow's life estate in the entire residue of real and personal estate. The legacies of $5,000 and $1,000 to Medico - Chirurgical Hospital and Catharine Cooke, which were unquestionably restricted to personal estate, were pecuniary legacies payable immediately at the death of testator.

In the opinion of the auditing judge the limiting effect of the phrase "net produce of my personal estate" is rendered nugatory by the subsequent blending of testator's real and personal estate into a general devise for the purpose of paying the income therefrom to testator's wife for life. The gifts in remainder, predicated upon the termination of her life estate in the gen-

eral residue, must be held to be payable out of this general residue unless a contrary intention appears. This was true under the law as it existed at the time of the execution of this will and also at the time of the death of testator, both of which occurred prior to the adoption of the Wills Act of June 7, 1917, P. L. 403: Bennett's Estate, 148 Pa. 139 (1892); Witman v. Norton, 6 Binn. 395 (1814); Gallagher's Appeal, 48 Pa. 121 (1864). It would have been necessary, therefore, for testator to repeat his direction that pecuniary legacies be paid out of his personal estate only, to overcome the intervening blending of his real and personal estate into a general devise of the residue for the purpose of paying the income therefrom to his wife for life.

The clause bequeathing $50,000 to the City of Philadelphia in trust, etc., is, by necessary inference, a gift in remainder out of the same fund or estate from which the widow was entitled to receive the income, i. e., "the balance of my real and personal estate." It follows the gift of the life estate immediately is separated from it only by a comma, and is designated "First" among the gifts to become operative after the termination of the widow's interest in the balance of testator's real and personal estate. It would, therefore, require an express direction to the contrary in the gift itself to alter the auditing judge's opinion that testator intended to bequeath the $50,000 legacy to the City of Philadelphia out of the residue or balance of real and personal estate.

The auditing judge has found no cases exactly on all fours with the present case and none were directed to his attention by counsel. However, Bennett's Estate, Whitman v. Norton, and Gallagher's Appeal, supra, seem to contain rather persuasive authority for the conclusion reached by the auditing judge in the present case.

*Joseph A. Allen,* for exceptants.

*Joseph P. Gaffney,* contra.

LADNER, J., January 30, 1942. — Testator died in 1909, hence section 17 of the Wills Act of June 7, 1917, P. L. 403, which charges legacies on real estate not specifically devised unless a contrary intention appears in the will, has no application. Before 1917 the rule was that the personal estate was not merely the primary fund but the *only* fund out of which legacies could be paid unless they were charged upon the real estate either by express terms or necessary implication. A blending of personal and real estate was held to supply the necessary implication: Bennett's Estate, 148 Pa. 139; Witman v. Norton, 6 Binn. 395.

The exceptions here raise the single question whether the auditing judge erred in his ruling that there was such blending by testator. We have carefully read the will in light of the earnest argument and capable brief of exceptants' counsel but nonetheless feel that the learned auditing judge was correct in his construction of the will. Nor can we add anything with profit to his well-reasoned adjudication which satisfactorily vindicates his judgment.

The exceptions are dismissed and the adjudication is now confirmed absolutely.